IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

ERIK KNIGHT, individually and on behalf of all others similarly situated,

    Plaintiff,

v.

PROGRESSIVE NORTHWESTERN INSURANCE COMPANY, an Ohio corporation,

    Defendant.

Case No. 3:22-cv-00203

/

**STIPULATED ORDER GOVERNING DISCOVERY OF
ELECTRONICALLY STORED INFORMATION**

**1.  PURPOSE**

This Order will govern discovery of electronically stored information ("ESI"), as a supplement to the Federal Rules of Civil Procedure, the Scheduling Order, and this Court's Local Rules. All disclosures and productions made pursuant to this Stipulated Order Governing Discovery of Electronically Stored Information ("ESI Protocol") will be subject to the Stipulated Confidentiality Order.

**2.  COOPERATION**

The parties are familiar with Federal Rules of Civil Procedure governing discovery, and they are aware of the corresponding importance the Court places on cooperation. The parties commit to cooperate in good faith throughout the matter consistent with the Federal Rules of Civil Procedure and any other applicable orders and rules.

**3.  PRESERVATION**

The parties agree to preserve ESI in accordance with the duties imposed by applicable law.

1

4. **SEARCH PROTOCOL**

The parties agree to meet and confer concerning search methodologies, including without limitation, the use of keyword search terms and/or the use of technology assisted review. If any party to this litigation chooses to use keyword search terms or technology assisted review to cull documents for production in this litigation, the parties shall meet and confer regarding the protocol to be used for the application and testing of search terms or technology.

5. **PRODUCTION FORMAT FOR ESI**

The parties agree to produce electronic documents in accordance with this ESI Protocol and in the following format(s) and manner:

(a) <u>Database Load Files</u>. Documents shall be provided with: (a) a delimited data file (.dat, .csv or .txt) [Unicode]; and (b) an image load file (.lfp, .opt or .dii), as detailed in Appendix 1.

(b) <u>Metadata Fields and Processing</u>. Each of the metadata and coding fields set forth in Appendix 2 that exist and are reasonably available for a document shall be produced for that document.

(c) <u>Bates Numbering</u>. Images must be assigned a Bates/control number that shall always: (1) be unique across the entire document production; (2) maintain a constant length (zero/0-padded) across the entire production; (3) contain no special characters or embedded spaces; and (4) be sequential within a given document.

(d) <u>TIFFs</u>. Single-page Group IV TIFF images shall be provided using at least a 300 dots per inch ("DPI") print setting. Each image shall have a unique file name, which is the Bates number of the document. Original document orientation shall be maintained (i.e., portrait to portrait and landscape to landscape) where reasonably possible. If particular documents warrant a different format (e.g.,

"native"), the parties will cooperate to arrange for the mutually acceptable production of such documents. Documents containing color need not be produced in color. Upon the requesting party's reasonable request, a document containing color will be provided in color if color is necessary to understand the meaning or content of the document. Any documents produced in color should be produced in JPG format.

(e) <u>Text Files</u>. For each document, a single Unicode text file will be provided along with the image files and metadata. The text file name will be the same as the page Bates/control number of the first page of the document. File names will not have any special characters or embedded spaces. Electronic text will be extracted from the native electronic file to the extent reasonably available unless the document is an image file or contains redactions. In these instances, a text file created using OCR after the redactions have been applied will be produced in lieu of extracted text.

(f) <u>Native Files</u>. Spreadsheets, PowerPoints, Access Databases, delimited text files, audio files, and video files shall be produced as native files subject to Section 5(g). Additionally, file types that are unable to be produced in accessible .tiff image format should also be produced as native files. Natively produced documents may include a Bates-numbered TIFF image placeholder stating that the document has been produced in native format. The parties also recognize that in some instances where documents have been produced in a form other than native, subsequent production of the same documents in native form may be warranted for certain purposes.

 (g) <u>Structured Data</u>.  Structured data ESI shall be produced in a reasonably useable format.

 (h) <u>File Size Limitation/Non-Standard Files</u>.  The format of production of unusually large files or large oversized documents, etc., will be discussed before production to determine a reasonable optimal production format.

 (i) <u>Attachments – Parent-Child Relationships</u>.  Parent-child relationships (the association between an attachment and its parent document) shall be maintained.

**6.** **PRODUCTION FORMAT OF PHYSICALLY STORED INFORMATION**

The parties agree to produce physically stored documents in accordance with this ESI Protocol and in the following format(s) and manner:

 (a) <u>Database Load Files/Cross-Reference Files</u>.  Documents shall be provided with: (1) a delimited metadata file (.dat, .txt, or .csv) [Unicode]; and (2) an image load file (.lfp, .opt, or .dii), as detailed in Appendix 1.

 (b) <u>Metadata Fields and processing</u>.  Appendix 2 sets forth the information that shall be produced for paper documents and provided in the data load file at the same time that the TIFF and the Optical Character Recognition (OCR) acquired text files are produced.

 (c) <u>Bates Numbering</u>.  Images must be assigned a Bates/control number that shall always: (1) be unique across the entire document production; (2) maintain a constant length (zero/0-padded) across the entire production; (3) contain no special characters or embedded spaces; and (4) be sequential within a given document.

 (d) <u>TIFFs</u>.  Hardcopy paper documents shall be scanned as single page, Group IV compression TIFF images using a print setting of at least 300 DPI.  Each image shall have a unique file name, which is the Bates number of the document.  Original

document orientation shall be maintained (i.e., portrait to portrait and landscape to landscape) where reasonably possible. Upon request, producing parties will produce scanned hardcopy documents in PDF format in addition to TIFF format. The copy produced in PDF format will not include load files, metadata files, or text files included in the TIFF format production.

7. **DE-DUPLICATION**

The parties may perform de-duplication of ESI within and across custodians according to MD5 or SHA-1 hash values and may produce only a single copy of identical ESI. Entire document families may constitute duplicate ESI. De-duplication shall not break up document families. To the extent de-duplication is used, all custodians of a de-duplicated document must be identified in the "Duplicate Custodians" metadata field specified in Appendix 2. If the parties de-duplicate ESI, they shall provide custodian associations in a semi-colon delimited field that includes duplicate custodian name information for the duplicate custodians. An overlay data file shall be produced after every production to account for updated duplicate custodian information in the Custodian field. A producing party may also de-duplicate emails in such a way as to eliminate earlier or incomplete chains of emails and produce only the most complete iteration of an email chain ("email thread suppression"). If a producing party elects to utilize such email thread suppression for its productions, it shall use commercially acceptable e-discovery software to do so (e.g., Relativity Analytics, Brainspace, etc.).

If there are any handwritten notes or any other markings, on a document, it shall not be considered a duplicate. Any document that contains an alteration, marking on, on addition to the original document shall be treated as a distinct version and shall be produced as such. These alterations include, but are not limited to, handwritten notes, electronic notes/tabs, edits,

highlighting or redlining.  If such markings/alterations are made in color, the documents must be produced in color.

If the producing party becomes aware of any responsive file that was incorrectly filtered during the de-duplication process, the producing party shall promptly notify the other party and produce or privilege log the incorrectly filtered file.

**8.      PRIORITIZING**

When a party propounds discovery requests pursuant to Fed. R. Civ. P. 34, the parties agree to meet and confer regarding the phasing of production of ESI (if necessary, appropriate, and reasonable) by prioritizing selected sources and/or custodians.

**9.      MODIFICATION**

This Stipulated Order may be modified by a Stipulated Order of the parties or by the Court for good cause shown.

**10.     MISCELLANEOUS**

1.     <u>Review for Responsiveness and/or Privilege</u>.  Irrespective of any search protocols agreed upon by the parties, the producing party, at its election, may review ESI for responsiveness, privilege, confidentiality, etc. prior to producing documents to another Party.

2.     <u>Documents Protected from Discovery</u>.  Pursuant to Federal Rule of Evidence 502(d), the production of a privileged or work-product-protected document, whether inadvertent or otherwise, is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding.  The process by which a Party may "claw back" privileged ESI and documents without waiver of any applicable protections pursuant to Federal Rule of Evidence 502(d) shall be that set forth in the Confidentiality Order entered in this action.  Communications involving trial counsel need not be placed on a privilege log.  Communications may be identified on a privilege log by category, rather than individually, if appropriate.

3.        <u>Redactions</u>.  To the extent that a document is produced in redacted form, any redactions shall be clearly indicated on the face of the document.  Where a responsive document contains both redacted and non-redacted content, the Producing Party shall produce the remainder of the non-redacted portions of the document.  Documents that are to be produced in Native Format, but that require redactions, may be produced as TIFF images with the relevant portions redacted, or if a TIFF image production is not practicable (e.g., the file is a video or very large spreadsheet), the Producing Party may produce a copy of the native file with the relevant portions replaced with "[REDACTED]" or a similar mark.

**IT IS SO STIPULATED,** through Counsel of Record.

DATED: October 2, 2023

[*Signatures on the following page*]

<div style="display: flex;">

<div>

*/s/ Lee Lowther*

Hank Bates
Lee Lowther
Tiffany M. Wyatt Oldham
**CARNEY BATES & PULLIAM, PLLC**
519 W. 7th Street
Little Rock, Arkansas 72201
Phone: (501) 312-8500
Fax: (501) 312-8505
Email: hbates@cbplaw.com
Email: llowther@cbplaw.com
Email: toldham@cbplaw.com

Andrew J. Shamis (*pro hac vice*)
Edwin Eliu Elliott (*pro hac vice*)
**SHAMIS & GENTILE, P.A.**
14 NE 1st Avenue, Suite 705
Miami, FL 33132
Phone: (305) 479-2299
Email: ashamis@shamisgentile.com
Email: edwine@shamisgentile.com

*Counsel for Plaintiff and
the Proposed Class*

</div>

<div>

*/s/ Graham Talley*

Graham Talley
**MITCHELL, WILLIAM, SELIG, GATES & WOODYARD, P.L.L.C**
425 West Capitol Ave., Suite 1800
Little Rock, Arkansas
Phone: (501) 688-8800
Fax: (501) 688-8807
gtalley@mwlaw.com

Jeffrey S. Cashdan (*pro hac vice*)
Zachary A. McEntyre (*pro hac vice*)
J. Matthew Brigman (*pro hac vice*)
Allison Hill White (*pro hac vice*)
Logan R. Hobson (*pro hac vice*)
**KING & SPALDING LLP**
1180 Peachtree Street, NE
Atlanta, Georgia 30309
Phone: 404.572.4600
Fax: 404.572.5100
Email: jcashdan@kslaw.com
Email: zmcentyre@kslaw.com
Email: mbrigman@kslaw.com
Email: awhite@kslaw.com
Email: lhobson@kslaw.com

Julia C. Barrett (*pro hac vice*)
**KING & SPALDING LLP**
500 W 2nd Street
Austin, Texas 78701
Phone: 512.457.2000
Fax: 512.457.2100
Email: jbarrett@kslaw.com

*Counsel for Defendant
Progressive Northwestern Insurance
Company*

</div>

</div>

## APPENDIX 1: PRODUCTION MEDIA AND LOAD FILE FORMATS

**Production Media**

- The Producing Party shall produce documents on readily accessible, computer or electronic media including CD-ROM, DVD, external hard drive (with standard PC and Apple/Mac OS compatible interface), or via secure FTP site. Each piece of Production Media shall be assigned a unique identifying label corresponding to the date of the production of documents on the Production Media. The Producing Party shall accompany all document productions with a transmittal cover letter identifying by Bates Number the documents produced.

**Image Load Files**

- Production image load files shall have all corresponding images logically grouped together;
- Production volumes should only include one image load file per production volume;
- The name of the image load file shall mirror the name of the delivery volume, and should have an .lfp, .opt or .dii1 extension (e.g., ABC001.lfp);
- The volume names shall be consecutive (i.e., ABC001, ABC002, *et seq*.);
- The load file shall contain one row per TIFF or JPG image;
- Every image in the delivery volume shall be contained in the image load file;
- The image key shall be named the same as the Bates number of the page;

**Metadata Load Files**

- Data for documents shall be produced in only one data load file throughout the productions, unless that document is clearly noted as being a replacement document;
- The first line shall contain the field names in the order of the data set forth in Appendix 2;

- Metadata fields that are not applicable to a document shall still be populated in the data load file with Empty Quotes, e.g., þþ, etc. If information is redacted from a document that corresponds to a metadata field's content (e.g., "Subject"), the metadata field will be present, but the content will be removed;

- A carriage-return line-feed shall be used to indicate the start of the next record;

- The name of the metadata load file shall mirror the name of the delivery volume, and shall have a .dat, .csv or .txt extension (i.e., ABC001.dat);

- The volume names shall be consecutive (i.e., ABC001, ABC002, *et seq.*)

### APPENDIX 2: ESI METADATA AND CODING FIELDS

| Field Name | Field Description | Populated For (Email, E-documents, E-attachments, Physicals) | Example Values |
|---|---|---|---|
| ProdBeg | Production Bates Number of the first page of the document. | All | Prefix-0000000001 |
| ProdEnd | Production Bates Number for the last page of the document. | All | Prefix-0000000002 |
| BegAttach | First production Bates Number of the first document in the attachment family. | All | Prefix-0000000001 |
| EndAttach | Last production Bates Number of the last document in the attachment family. | All | Prefix-0000000005 |
| DocumentType | Descriptor for the type of document: "**E-document**" for electronic documents not attached to emails; "**Email**" for all emails; "**E-attachment**" for files that were attachments to emails; and "**Physicals**" for hard copy physical documents that have been scanned and converted to an electronic image. | All | Email |

11

| Field Name | Field Description | Populated For (Email, E-documents, E-attachments, Physicals) | Example Values |
|---|---|---|---|
| FileName | File name of the E-document, Email, or E-attachment including the native file extension. | Email, E-documents, E-attachments | Text of the subject line.htm |
| Dupe Custodian, FileName, FilePath | Duplicative Custodian, File path, and FileName of email, attachment, or loose document including native file extension. | Email, E-documents, E-attachments | |
| Custodian | Name of person or entity with care, custody, and control of file at time of collection. | All | |
| DupeCustodian | All custodians | All | |
| DocExt | The file extension of the document is defined as the substring of the file name which follows but does not include the last occurrence of the dot character. | Email, E-documents, E-attachments | Htm |
| NativeFilePath | Relative path to native files in the production. | E-documents, E-attachments | .\natives\001\ Prefix-0000000001 |
| TextFilePath | Relative path to text files in the production. | Email, E-documents, E-attachments | .\text\001\ Prefix-0000000001 |

12

| Field Name | Field Description | Populated For (Email, E-documents, E-attachments, Physicals) | Example Values |
|---|---|---|---|
| EmailSubject | Subject line of an email. | Email | Text of the subject line |
| To | All SMTP addresses of all recipients that were included on the "To" line of the email. Multiple recipients should be delimited by the semicolon character. | Email | larry.murphy@email.com |
| From | The name and email address of the sender of the email. | Email | Bart.Cole@email.com |
| CC | All recipients that were included on the "CC" line of the email. | Email | sstephens44@email.com |
| BCC | All recipients that were included on the "BCC" line of the email. | Email | ceo-gs@email.com |
| DateSent | Date email was sent | Email | mm/dd/yyyy |
| TimeSent | Time email was sent; time zone is eastern time. | Email | 10:50:45 -0400 |
| DateRcvd | Date email was received. | Email | mm/dd/yyyy |
| TimeRcvd | Time email was received; time zone is eastern time | Email | 10:50:45 -0400 |
| ParentDate | Date of parent file. | Native / Email, E-documents, E-attachments | mm/dd/yyyy |

13

| Field Name | Field Description | Populated For (Email, E-documents, E-attachments, Physicals) | Example Values |
|---|---|---|---|
| DateCreated | Date document was created. | Email, E-documents, E-attachments | mm/dd/yyyy |
| Title | Any value populated in the Title field of the document properties. | E-documents, E-attachments | Title |
| Subject | Any value populated in the Subject field of the document properties. | E-documents, E-attachments | Subject |
| Author | Any value populated in the Author field of the document properties. | E-documents, E-attachments | Author |
| DateLastMod | Date document was last modified to the file system of the original media from which it was collected. | Email, E-documents, E-attachments | mm/dd/yyyy |
| TimeZone | Time zone is eastern. | E-documents, E-attachments | (UTC-04:00) Eastern Time (US & Canada) |
| MD5Hash | Checksum for a file, a 128-bit value. | Email, E-documents, E-attachments | e4d909c290d0fb1ca068ffaddf22cbd0 |
| AttachmentCount | The total number of attachments including any attachments that were not processed and the contents of additional attached containers. A value of zero (0) should be returned for any | Email, E-documents, E-attachments | 3 |

14

| Field Name | Field Description | Populated For (Email, E-documents, E-attachments, Physicals) | Example Values |
|---|---|---|---|
| | files/documents without attachments. | | |
| PgCount | Number of printed pages in the document. | All | 2 |
| ProdVol | Name of media that data was produced on. | All | Volume 001 |
| Size | Size (in bytes) of the original file. | Email, E-documents, E-attachments | 1408 |

**IT IS SO ORDERED** that the foregoing Stipulated Order Governing Discovery of Electronically Stored Information is approved.

DATED: This 4th day of October, 2023.

_____
James M. Moody, Jr.
United States District Judge