UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

| | |
|---|---|
| ERIK KNIGHT, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PROGRESSIVE NORTHWESTERN INSURANCE COMPANY,<br><br>Defendant. | Case No. 3:22-cv-00203-JM |

**PLAINTIFF'S MOTION FOR COURT TO APPROVE NOTICE PLAN
FOR CERTIFIED CLASS AND INCORPORATED BRIEF**

On July 1, 2024, this Court informed the parties by email that "the Court is going to grant Plaintiff's motion to certify the class. An order will follow in due course, but in the meantime the Court wanted the parties to be advised and plan accordingly." Consistent with this directive, and in light of the parties' upcoming trial date on September 23, 2024, Plaintiff Erik Knight ("Plaintiff") hereby submits the following plan for disseminating class notice.

This Notice Plan (and the content and design of each of the notice documents) is based on—and consistent with—notice plans jointly submitted by plaintiffs and Progressive entities and approved by the Court in similar cases involving challenges to the Projected Sold Adjustment.[1]

---

[1] Plaintiff conferred with Defendant, Progressive Northwestern Insurance Company ("Progressive" or "Defendant") on the notice plan. However, Progressive responded that (1) it would await the Court's order granting class certification before reviewing the notice plan as it cannot meaningfully review the proposed notice procedures until a precise class definition has been certified, and (2) as to timing, it intends to seek 23(f) review of the Court's order and, thus,

1

*See, e.g., Curran v. Progressive Direct Insurance Company*, Case No. 22-cv-00878-NYW-MEH (D. Colo. Jan. 10, 2024), *Brown, et al. v. Progressive Mountain Insurance Company, et al.*, Case No. 3:21-cv-00175-TCB (N.D. Ga. Aug. 30, 2023), and *Volino, et al. v. Progressive Casualty Insurance Company, et al.*, Case No. 1:21-cv-06243-LGS (S.D.N.Y. May 1, 2023). As set forth below, the timing of proposed notice deadlines keeps the September 23, 2024 trial date in mind. Specifically, Plaintiff proposes that notice be disseminated on or before August 20, 2024, and the opt-out deadline be set for September 20, 2024, so that the Class Members have at least a 30-day period to opt-out.

Accordingly, Plaintiff respectfully request that the Court approve this proposed Notice Plan, contemporaneously with issuance of the order granting Plaintiff's motion to certify the Class, and order the parties to provide notice consistent with the Notice Plan.

## I.    LEGAL STANDARDS

"For any class certified under Rule 23(b)(3), the court must direct to class member the best notice that is practicable under the circumstances including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B); *see also Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 173 (1974) (individual notice must be given to "all class members whose names and addresses may be ascertained through reasonable effort"). Further, the notice must communicate Rule 23(c)(2)(b)(i-vii)'s requirements in clear, concise, plain language that is easy to understand. *Id*. Finally, subject to the requirement that notice be the best "practicable," the Court has "complete discretion as to how the notice should be given." 7B Charles A. Wright et al., Federal Practice and Procedure §1797.6 at 200 (3d ed. 2005); *see also In re Agent Orange Prod.*

---

does not agree to sending out notice while that is pending. Plaintiff notes that Progressive did not propose an alternative class definition.

*Liab. Litig.*, 818 F.2d 145, 168 (2d Cir. 1987), *cert. denied*, 484 U.S. 1004 (1988) ("Rule 23, of course, accords considerable discretion to a district court in fashioning notice to a class.").

## II.  PROPOSED NOTICE PLAN

### A. NOTICE DESIGN

Plaintiff proposes that a Short Form Notice in the form attached hereto as **Exhibit 1** be sent by electronic mail to potential Class Members for whom Defendant possesses a valid email address (the "Email Notice"). For potential Class Members for whom Defendant does not possess a valid email address or where the Email Notice is returned as undeliverable, Plaintiff proposes to send the postcard notice attached hereto as **Exhibit 2** by first-class mail (the "Postcard Notice"). A similar notice program was recently approved in *Curran*, Case No. 22-cv-00878-NYW-MEH (D. Colo. Jan. 10, 2024), *Brown,* Case No. 3:21-cv-00175-TCB (N.D. Ga. Aug. 30, 2023), and *Volino*, Case No. 1:21-cv-06243-LGS (S.D.N.Y. May 1, 2023), similar cases against Progressive.

Plaintiff proposes to use class action administrator Epiq, which has experience administering class actions in a wide range of cases and in thousands of cases. *See* **Exhibit 3** (Declaration of Cameron R. Azari on Notice Plan ("Azari Declaration" or "Azari Decl.") at ¶¶ 4-5). As reflected in the Azari Declaration, it is common for Epiq to send a combination of email and/or postcard notice mailings in class certification or settlement notice situations. *Id.* at ¶¶ 10-12, 21-22.

Courts routinely approve direct, individual notice provided via email. *See, e.g.*, *Curran*, Case No. 22-cv-00878-NYW-MEH (D. Colo. Jan. 10, 2024) slip op. (approving class notice by email to Progressive insureds); *Brown*, Case No. 3:21-cv-00175-TCB (N.D. Ga. Aug. 30, 2023) slip op. (approving class notice by email to Progressive insureds); *Volino,* Case No. 1:21-cv-06243-LGS (S.D.N.Y. May 1, 2023), slip op. (approving class notice by email to Progressive

3

insureds); *Knox v. John Varvatos Enters.*, 282 F. Supp. 3d 644, 667 (S.D.N.Y. 2017) ("Notice of class actions by email have now become commonplace."); *Morgan v. Public Storage*, 301 F. Supp. 3d 1237, 1261 (S.D. Fla. 2016) ("The email notice provided to more than 90% of the Class members in this lawsuit was the best practicable notice and was reasonably calculated to apprise them of their rights. Courts consistently approve notice programs where notice is provided primarily through email because email is an inexpensive and appropriate means of delivering notice to class members."); *Butler v. DirectSAT USA LLC.*, 876 F. Supp. 2d 560, 575 (D. Md. 2012) ("[w]ith regard to the use of email to notify potential plaintiffs of this litigation communication through email is [now] the norm.").

Courts also routinely find that postcard notice is a valid method for providing notice under Rule 23, especially when combined with other notice formats such as email notice and/or a case specific website. *See, e.g., Curran*, Case No. 22-cv-00878-NYW-MEH (D. Colo. Jan. 10, 2024) (approving a postcard notice where email address were not available and email notices were returned as undeliverable); *Brown*, Case No. 3:21-cv-00175-TCB (N.D. Ga. Aug. 30, 2023) (approving a postcard notice where email address were not available and email notices were returned as undeliverable)*; Volino,* Case No. 1:21-cv-06243-LGS (S.D.N.Y. May 8, 2023) (approving a postcard notice where email addresses were not available and email notices were returned as undeliverable); *Wisconsin v. Indivior Inc. (In re Suboxone (Buprenorphine Hydrochloride & Naloxone) Antitrust Litig.)*, No. 2445, 2021 U.S. Dist. LEXIS 231508, at *23 (E.D. Pa. Dec. 3, 2021) (approving "individual notice by email and direct mail[,] [i]f a potential class member does not have an identifiable, valid email address or if email notice is returned as undeliverable[.]"); *James v. JPMorgan Chase Bank, N.A.*, No. 8:15-CV-2424-T-23JSS, 2016 WL 6908118, at *2 (M.D. Fla. Nov. 22, 2016) (approving a postcard settlement notice that references

4

a phone hotline and website with more information); *Perez v. Asurion Corp.*, 501 F. Supp. 2d 1360, 1375 (S.D. Fla. 2007) (approving a postcard notice that references a phone hotline and website with more information).

Here, Plaintiff proposes Email Notice with a Postcard Notice for any emails that are undeliverable to help ensure that members of the Class receive individual notice. *See Curran*, Case No. 22-cv-00878-NYW-MEH (D. Colo. Jan. 10, 2024) (approving class notice by email notice and by postcard notice where the email notice was returned as undeliverable); *Brown*, Case No. 3:21-cv-00175-TCB (N.D. Ga. Aug. 30, 2023); *Volino,* Case No. 1:21-cv-06243-LGS (S.D.N.Y. May 1, 2023); *Puddu v. 6d Global Techs.*, 15-cv-8061 (AJN), 2021 U.S. Dist. LEXIS 90819 (S.D.N.Y. May 12, 2021) (ordering notice primarily via email, with first-class notice provided to class members only if no email address is available). In addition, the notice program will consist of a toll-free helpline and an informational website, as discussed more fully below.

### B. NOTICE PROCEDURES

Plaintiff proposes that Defendant provide Plaintiff with a spreadsheet reflecting: the named insured's last known address and email address for first-party total loss claims on Arkansas insurance policies issued by Progressive Northwestern Insurance Company where the claim was submitted between August 4, 2017, to the date an order granting class certification is entered, and a Mitchell comparable vehicle valuation report was generated by Progressive that used the comparable vehicle methodology. This list of individuals will become the presumptive Class List and the individuals will be presumptive Class Members.

For each presumptive Class Member for which Defendant's data reflects an email address, Epiq will send the Email Notice via email utilizing best practices to ensure the email is not caught in spam filters. Azari Decl. at ¶13. For each presumptive Class Member for which Defendant's

data does not reflect an email address or for which the Email Notice is returned as undeliverable, Epiq will send the Postcard Notice via first-class mail to the physical address provided by Defendant. *Id*. at ¶15. For those members to whom Postcard Notice will be sent, Epiq will process the addresses through the U.S. Postal Service's National Change of Address ("NCOA") database to obtain the most current mailing addresses for Class Members. *Id*. The NCOA database provides updated addresses for anyone who has filed a change of address notice with the U.S. Postal Service within the last four years. *Id.* at ¶15 n.3. Notices returned with a forwarding address from the U.S. Postal Service will be re-mailed to the new address. *Id.* at ¶16.

### C. TOLL-FREE HELPLINE

Prior to sending Notice to Class Members, Epiq will establish a toll-free helpline to assist Class Members seeking information about the case. Azari Decl. at ¶18. Plaintiff and Defendant will confer and agree on any scripts that are to be provide via the toll-free helpline. Class members can receive information directly from the helpline and can leave a message requesting a live-call-back. *See generally Belanger v. RoundPoint Mortg. Servicing Corp.*, 2018 U.S. Dist. LEXIS 177676, at *10-11 (S.D. Fla. Sep. 28, 2018) (approving Notice plan with IVR phone line and not live operators).

### D. INFORMATIONAL WEBSITE

Prior to the Notice mailing, Epiq will coordinate and integrate into the Email Notice and Postcard Notice a URL for an informational website. Azari Decl. at ¶¶14, 17. Plaintiff and Defendant will confer and agree on the URL name. The website will (1) provide Class Members with the Longform Notice in the form attached as **Exhibit 4** (the "Long Form Notice"); (2) will have a link for an opt-out form to be completed and mailed by the Class member; and (3) will provide a link to the operative Complaint and Class Certification Order. *Id.* at ¶17. The proposed

6

opt-out form is attached as **Exhibit 5**. The form is not mandatory, meaning that Class members can opt-out so long as they provide their name, date, address, and signature. Plaintiff and Defendant will confer and agree on any materials that are posted to the informational website.

### E. TIMING

In light of these time frames and upcoming trial date, and in order to give sufficient notice to each class member ahead of trial, Plaintiff requests that the Notice be made no later than August 20, 2024. Plaintiff proposes that the opt-out deadline be set for September 20, 2024, which will provide at least a thirty (30) day period after the date Notice is sent for members of the Class to opt-out. *See Pierce v. Novastar Mortg., Inc.*, No. C05-5835RJB, 2007 WL 1046914, at *2 (W.D. Wash. 2007) (holding that thirty days is a sufficient opt-out period when class members are not required to file claims, litigation is no more complex than a typical class action, and class members receive individual notice by mail); *accord Stuart v. State Farm Fire & Cas. Co.*, 332 F.R.D. 293, 301 (W.D. Ark. 2019); *see also Byrne v. Santa Barbara Hosp. Services, Inc.*, EDCV170527JGBKKX, 2018 WL 11344869, at *1 (C.D. Cal. Sept. 18, 2018) (approving notice with 30-day window for claimants to submit claim form, opt out or object); *In re Marsh & McLennan Cos., Inc. Sec. Litig.,* No. 04 Civ. 8144(CM), 2009 WL 5178546, at *13, (S.D.N.Y. Dec. 23, 2009) (approving thirty day opt out period).

### III.    CONCLUSION

For the foregoing reasons, Plaintiff respectfully request that the Court approve this proposed Notice Plan, contemporaneously with issuance of the order granting Plaintiff's motion to certify the Class, and order the parties to provide notice consistent with the Notice Plan.

Dated: July 19, 2024

Hank Bates (ABN 980563)
Tiffany Wyatt Oldham (ABN 2001287)
Lee Lowther (ABN 2013142)
CARNEY BATES & PULLIAM, PLLC
One Allied Drive, Suite 1400
Little Rock, AR 72202
Tel: (501) 312-8500
Fax: (501) 312-8505
Email: hbates@cbplaw.com
Email: toldham@cbplaw.com
Email: llowther@cbplaw.com

Andrew J. Shamis (admitted *pro hac vice*)
Edwin E. Elliott (admitted *pro hac vice*)
Christopher Berman (admitted *pro hac vice*)
SHAMIS & GENTILE, P.A.
14 NE 1st Avenue, Suite 705
Miami, FL 33132
Tel: (305) 479-2299
Email: ashamis@shamisgentile.com
Email: edwine@shamisgentile.com
Email: cbergman@shamisgentile.com

Joshua R. Jacobson (admitted *pro hac vice*)
JACOBSON PHILLIPS PLLC
478 E. Altamonte Dr., Ste. 108-570
Altamonte Springs, Florida 32701
Tel: (407) 720-4057
Email: jacob@jacobsonphillips.com

James L. Kauffman (ABN 2003050)
BAILEY & GLASSER, LLP
1055 Thomas Jefferson Street NW, Suite 540
Washington, DC 20007
Tel: (202) 463-2101
Email: jkauffman@baileyglasser.com

Edmund A. Normand (*pro hac vice* pending)
NORMAND PLLC
3165 McCrory Place, Suite 175
Orlando, FL 32803
Tel: (407) 603-6031
Email: EAN@normandpllc.com

Scott Edelsberg (*pro hac vice* pending)
EDELSBERG LAW, PA

20900 NE 30th Ave., Suite 417
Aventura, FL 33180
Tel: (305) 975-3320
Email: scott@edelsberglaw.com

*Counsel for Plaintiff and the Proposed Class*