UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

| | |
|---|---|
| ERIK KNIGHT, individually and on behalf of all others similarly situated,<br><br>  Plaintiff,<br><br>v.<br><br>PROGRESSIVE NORTHWESTERN INSURANCE COMPANY,<br><br>  Defendant. | Case No. 3:22-cv-00203-JM |

**PROPOSED NOTICE PLAN FOR CERTIFIED CLASS**

Plaintiff Erik Knight ("Plaintiff"), and Defendant Progressive Northwestern Insurance Company ("Defendant" or "Progressive") (collectively, the "Parties") hereby submit the following plan for disseminating class notice to the certified Class:

**I.    LEGAL STANDARDS**

"For any class certified under Rule 23(b)(3), the court must direct to class member the best notice that is practicable under the circumstances including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B); *see also Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 173 (1974) (individual notice must be given to "all class members whose names and addresses may be ascertained through reasonable effort"). Further, the notice must communicate Rule 23(c)(2)(b)(i-vii)'s requirements in clear, concise, plain language that is easy to understand. *Id*. Subject to the requirement that notice be the best "practicable" method, the Court has "complete discretion as to how the notice should be given." 7B Charles A. Wright et al.,

1

Federal Practice and Procedure §1797.6 at 200 (3d ed. 2005); *see also In re Agent Orange Prod. Liab. Litig.*, 818 F.2d 145, 168 (2d Cir. 1987), *cert. denied*, 484 U.S. 1004 (1988) ("Rule 23, of course, accords considerable discretion to a district court in fashioning notice to a class.").

## II.  PROPOSED NOTICE PLAN

### A. NOTICE DESIGN

Plaintiff proposes that a Short Form Notice in the form attached hereto as **Exhibit 1** be sent by electronic mail to potential Class Members for whom Defendant possesses a valid email address (the "Email Notice"). For potential Class Members for whom Defendant does not possess a valid email address or where the Email Notice is returned as undeliverable, Plaintiff proposes to send the postcard notice attached hereto as **Exhibit 2** by first-class mail (the "Postcard Notice"). A similar notice program was recently approved in three similar cases against Progressive: *Curran v. Progressive Direct Insurance Company*, Case No. 22-cv-00878-NYW-MEH (D. Colo. Jan. 10, 2024), *Brown, et al. v. Progressive Mountain Insurance Company, et al.*, Case No. 3:21-cv-00175-TCB (N.D. Ga. Aug. 30, 2023), and *Volino, et al. v. Progressive Casualty Insurance Company, et al.*, Case No. 1:21-cv-06243-LGS (S.D.N.Y. May 1, 2023).

Plaintiff proposes to use class action administrator Epiq, which has experience administering class actions in a wide range of cases and in thousands of cases. *See* **Exhibit 3** (Declaration of Cameron R. Azari on Notice Plan ("Azari Declaration" or "Azari Decl.") at ¶¶ 4-5). As reflected in the Azari Declaration, it is common for Epiq to send a combination of email and/or postcard notice mailings in class certification or settlement notice situations. *Id.* at ¶¶ 10-12, 21-22.

Courts routinely approve direct, individual notice provided via email. *See, e.g.*, *Curran*, Case No. 22-cv-00878-NYW-MEH (D. Colo. Jan. 10, 2024) slip op. (approving class notice by

email to Progressive insureds); *Brown*, Case No. 3:21-cv-00175-TCB (N.D. Ga. Aug. 30, 2023) slip op. (approving class notice by email to Progressive insureds); *Volino,* Case No. 1:21-cv-06243-LGS (S.D.N.Y. May 1, 2023), slip op. (approving class notice by email to Progressive insureds); *Knox v. John Varvatos Enters.*, 282 F. Supp. 3d 644, 667 (S.D.N.Y. 2017) ("Notice of class actions by email have now become commonplace."); *Morgan v. Public Storage*, 301 F. Supp. 3d 1237, 1261 (S.D. Fla. 2016) ("The email notice provided to more than 90% of the Class members in this lawsuit was the best practicable notice and was reasonably calculated to apprise them of their rights. Courts consistently approve notice programs where notice is provided primarily through email because email is an inexpensive and appropriate means of delivering notice to class members."); *Butler v. DirectSAT USA LLC.*, 876 F. Supp. 2d 560, 575 (D. Md. 2012) ("[w]ith regard to the use of email to notify potential plaintiffs of this litigation communication through email is [now] the norm.").

Courts also routinely find that postcard notice is a valid method for providing notice under Rule 23, especially when combined with other notice formats such as email notice and/or a case specific website. *See, e.g., Curran*, Case No. 22-cv-00878-NYW-MEH (D. Colo. Jan. 10, 2024) (approving a postcard notice where email address were not available and email notices were returned as undeliverable); *Brown*, Case No. 3:21-cv-00175-TCB (N.D. Ga. Aug. 30, 2023) (approving a postcard notice where email address were not available and email notices were returned as undeliverable)*; Volino,* Case No. 1:21-cv-06243-LGS (S.D.N.Y. May 8, 2023) (approving a postcard notice where email addresses were not available and email notices were returned as undeliverable); *Wisconsin v. Indivior Inc. (In re Suboxone (Buprenorphine Hydrochloride & Naloxone) Antitrust Litig.)*, No. 2445, 2021 U.S. Dist. LEXIS 231508, at *23 (E.D. Pa. Dec. 3, 2021) (approving "individual notice by email and direct mail[,] [i]f a potential

3

class member does not have an identifiable, valid email address or if email notice is returned as undeliverable[.]"); *James v. JPMorgan Chase Bank, N.A.*, No. 8:15-CV-2424-T-23JSS, 2016 WL 6908118, at *2 (M.D. Fla. Nov. 22, 2016) (approving a postcard settlement notice that references a phone hotline and website with more information); *Perez v. Asurion Corp.*, 501 F. Supp. 2d 1360, 1375 (S.D. Fla. 2007) (approving a postcard notice that references a phone hotline and website with more information).

Here, Plaintiff proposes Email Notice with a Postcard Notice for any emails that are undeliverable to help ensure that members of the Class receive individual notice. *See Curran*, Case No. 22-cv-00878-NYW-MEH (D. Colo. Jan. 10, 2024) (approving class notice by email notice and by postcard notice where the email notice was returned as undeliverable); *Brown*, Case No. 3:21-cv-00175-TCB (N.D. Ga. Aug. 30, 2023); *Volino,* Case No. 1:21-cv-06243-LGS (S.D.N.Y. May 1, 2023); *Puddu v. 6d Global Techs.*, 15-cv-8061 (AJN), 2021 U.S. Dist. LEXIS 90819 (S.D.N.Y. May 12, 2021) (ordering notice primarily via email, with first-class notice provided to class members only if no email address is available). In addition, the notice program will consist of a toll-free helpline and an informational website, as discussed more fully below.

Counsel for Plaintiff and counsel for Defendant have conferred, and Defendant does not object to the form of the Notices proposed by Plaintiff.

### B. NOTICE PROCEDURES

By no later than February 14, 2025, Defendant will provide Plaintiff with a spreadsheet reflecting: the named insured's last known address and email address for first-party total loss claims on Arkansas insurance policies issued by Progressive Northwestern Insurance Company where the claim was submitted between August 4, 2017, to December 9, 2024, and a Mitchell comparable vehicle valuation report was generated by Progressive that used the comparable

vehicle methodology. Defendant maintains that this list is overinclusive and will include individuals who do not fall within the class definition. Nonetheless, this list of individuals will become the presumptive Class List and the individuals listed will be presumptive Class Members.

For each presumptive Class Member for which Defendant's data reflects an email address, Epiq will send the Email Notice via email utilizing best practices to ensure the email is not caught in spam filters. Azari Decl. at ¶13. For each presumptive Class Member for which Defendant's data does not reflect an email address or for which the Email Notice is returned as undeliverable, Epiq will send the Postcard Notice via first-class mail to the physical address provided by Defendant. *Id*. at ¶15. For those members to whom Postcard Notice will be sent, Epiq will process the addresses through the U.S. Postal Service's National Change of Address ("NCOA") database to obtain the most current mailing addresses for Class Members. *Id*. The NCOA database provides updated addresses for anyone who has filed a change of address notice with the U.S. Postal Service within the last four years. *Id.* at ¶15 n.3. Notices returned with a forwarding address from the U.S. Postal Service will be re-mailed to the new address. *Id.* at ¶16.

### C. TOLL-FREE HELPLINE

Prior to sending Notice to Class Members, Epiq will establish a toll-free helpline to assist Class Members seeking information about the case. Azari Decl. at ¶18. Plaintiff and Defendant will confer and agree on any scripts that are to be provide via the toll-free helpline. Class members can receive information directly from the helpline and can leave a message requesting a live-call-back. *See generally Belanger v. RoundPoint Mortg. Servicing Corp.*, 2018 U.S. Dist. LEXIS 177676, at *10-11 (S.D. Fla. Sep. 28, 2018) (approving Notice plan with IVR phone line and not live operators).

### D. INFORMATIONAL WEBSITE

Prior to the Notice mailing, Epiq will coordinate and integrate into the Email Notice and Postcard Notice a URL for an informational website. Azari Decl. at ¶¶14, 17. Plaintiff and Defendant will confer and agree on the URL name. The website will (1) provide Class Members with the Longform Notice in the form attached as **Exhibit 4** (the "Long Form Notice"); (2) will have a link for an opt-out form to be completed and mailed by the Class member; and (3) will provide a link to the operative Complaint and Class Certification Order. *Id.* at ¶17. The proposed opt-out form is attached as **Exhibit 5**. The form is not mandatory, meaning that Class members can opt-out in another manner so long as they provide their name, date, address, and signature. Plaintiff and Defendant will confer and agree on any materials that are posted to the informational website.

### E. TIMING

Plaintiff has requested, and Defendant has begun assimilating, the Class List, as described above. Defendant anticipates that the Class List will be complete and provided to Plaintiff by February 14, 2025. Upon receipt thereof, Plaintiff will provide the Class List to Epiq, which in turn requires approximately 2-3 weeks between receiving the Class List and beginning to provide notice.

**Plaintiff's Position:**

In light of these time frames and trial scheduled in May 2025, and in order to give sufficient notice to each class member ahead of trial, Plaintiff requests that the Notice be made *no later than* March 28, 2025. Plaintiff proposes that the opt-out deadline be set for May 12, 2025, which will provide *at least* a 45-day period after the date Notice is sent for members of the Class to opt out. *See, e.g., Controllable On-site Protection Sec. Sys., Inc. v. Telular Corp.*, No. 4:14cv-487-JM,

ECF No. 44 (E.D. Ark. May 5, 2016) (approving 45-day opt-out period); *Volino*, ECF No. 227 (approving a 45-day opt-out period in similar case against Progressive); *Brown*, ECF No. 114 (same); *Curran*, ECF No. 95 (same).

**Defendant's Position**:

Defendant requests that Notice be made no earlier than thirty (30) days after the denial of Defendant's Rule 23(f) petition for review of class certification, or resolution of the resulting appeal, whichever is later. In substantially similar cases, the plaintiffs (represented by the same counsel here) have agreed with this timing. *See* Proposed Notice Plan, *Chadwick v. State Farm Mut. Auto. Ins. Co.,* No. 4:21-cv-1161-DPM, ECF No. 125 (E.D. Ark. Apr. 30, 2024) (proposing that notice issue after resolution of the defendant's Rule 23(f) petition); Proposed Notice Plan, *Freeman v. Progressive Direct Ins. Co.*, No. 1:21-cv-3798-DCC, ECF No. 165 at 15-16 (D.S.C. June 7, 2024) (plaintiff's request that notice be made after the Fourth Circuit Court of Appeals' resolution of Progressive's petition for interlocutory review or resulting interlocutory appeal); Pl.'s Opposed Mot. to Modify Class Def. and Approve Class Notice, *Schroeder v. Progressive Paloverde Ins. Co.*, No. 1:22-cv-946-JMS-MKK, ECF No. 133 at 10 (S.D. Ind. Feb. 26, 2024) (plaintiff proposing that "notice should not be sent until 30 days after" resolution of the defendant's 23(f) petition). This timing was approved by other courts in substantially similar cases. *See Brown*, No. 3:21-cv-00175-TCB, ECF No. 114 ("Notice shall be made no earlier than thirty days after denial of the Defendant's Rule 23(f) petition for review of class certification, or resolution of the resulting appeal, whichever is later"); *Curran*, No. 1:22-cv-00878, ECF No. 95 at 2 ("Considering the pending petition before the Tenth Circuit, the Court respectfully agrees with Defendant that notice should not proceed until the Parties and the Court have clarity with respect to whether the Court's Order on Class Certification . . . will stand."). Two other courts in substantially similar

cases also agreed that disputes regarding class notice should not be resolved, and notice should not issue, until after resolution of the Defendant's Rule 23(f) petitions. *See Drummond v. Progressive Specialty Ins. Co.*, No. 5:21-cv-04479, ECF No. 118 at 2-3 (E.D. Pa. Sept. 15, 2023); *Schroeder*, ECF No. 139 at 2 (S.D. Ind. March 19, 2024) ("Because the outcome of the Petition for Permission to Appeal may affect the propriety of the class notice, the Court finds that it is prudent to await resolution of the Seventh Circuit proceedings before ruling on Ms. Schroeder's Motion to Modify Class Definition and Approve Class Notice."). The *Drummond, Schroeder*, and *Freeman* Defendants' Rule 23(f) petitions were granted by the Third Circuit Court of Appeals, Seventh Circuit Court of Appeals, and Fourth Circuit Court of Appeals, respectively, and the district courts are continuing to hold class notice issues in abeyance until final resolution of the appeals. *Drummond*, ECF No. 136; *Schroeder*, ECF No. 150; *Freeman*, ECF No. 180. This Court should take the same approach to class notice here and await clarity from the Eighth Circuit Court of Appeals. Defendant does not oppose a 45-day opt out period.

### III.   CONCLUSION

For the foregoing reasons, the parties jointly request that the Court approve the proposed notice plan.

Dated: January 21, 2025

Hank Bates (ABN 980563)
Tiffany Wyatt Oldham (ABN 2001287)
Lee Lowther (ABN 2013142)
CARNEY BATES & PULLIAM, PLLC
One Allied Drive, Suite 1400
Little Rock, AR 72202
Tel: (501) 312-8500
Email: hbates@cbplaw.com
Email: toldham@cbplaw.com
Email: llowther@cbplaw.com

Andrew J. Shamis (admitted *pro hac vice*)
Edwin E. Elliott (admitted *pro hac vice*)
Christopher Berman (admitted *pro hac vice*)

SHAMIS & GENTILE, P.A.
14 NE 1st Avenue, Suite 705
Miami, FL 33132
Tel: (305) 479-2299
Email: ashamis@shamisgentile.com
Email: edwine@shamisgentile.com
Email: cbergman@shamisgentile.com

Joshua R. Jacobson (admitted *pro hac vice*)
JACOBSON PHILLIPS PLLC
478 E. Altamonte Dr., Ste. 108-570
Altamonte Springs, FL 32701
Tel: (407) 720-4057
Email: jacob@jacobsonphillips.com

Brian A. Glasser (admitted *pro hac vice*)
James L. Kauffman (ABN 2003050)
BAILEY & GLASSER, LLP
1055 Thomas Jefferson Street NW, Suite 540
Washington, DC 20007
Tel: (202) 463-2101
Email: bglasser@baileyglasser.com
Email: jkauffman@baileyglasser.com

Patricia M. Kipnis (admitted *pro hac vice*)
BAILEY & GLASSER LLP
923 Haddonfield Rd. Suite 307
Cherry Hill, NJ 08002
Telephone: (304) 340-2282
Email: pkipnis@baileyglasser.com

Jonathan Marshall (admitted *pro hac vice*)
BAILEY & GLASSER LLP
209 Capitol Street
Charleston, WV 25301
Telephone: (304) 345-6555
Email: jmarshall@baileyglasser.com

Adam Schwartzbaum (*pro hac vice* pending)
EDELSBERG LAW, P.A.
20900 NE 30th Avenue, Suite 417
Aventura, FL 33180
Tel: (786) 289-9469
Email: adam@edelsberglaw.com

*Counsel for Plaintiffs and the Proposed Class*