IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

ERIK KNIGHT, individually and on behalf
of others similarly situated,                                                              PLAINTIFF

vs.                                    Case No. 3:22-CV-203-JM

PROGRESSIVE NORTHWESTERN
INSURANCE COMPANY                                                                          DEFENDANT

## ORDER

Pending is Plaintiff's motion for protective order seeking to prevent Progressive from taking deposition pursuant to a subpoena. (Doc. No. 156). Progressive has responded, Plaintiff filed a reply, and the motion is ripe.

Plaintiff seeks to stop Progressive from taking what it calls a "last-minute" Rule 30(b)(6) deposition of J.D. Power & Associates representative. The subpoena was served on February 28, 2025 for a zoom deposition to be taken on March 5—the discovery deadline set by the Court's final scheduling order. (Doc. No. 124). By agreement of counsel, the deposition has been delayed pending the Court's ruling on this motion.

The subpoena lists the following topics: 1) Explanation of the calculation of historical J.D. Power Values/N.A.D.A. valuation reports; 2) Authenticity of certain historical J.D. Power Values/N.A.D.A. valuation reports that are attached as an exhibit to the subpoena; and 3) Whether the historical J.D. Power Values/N.A.D.A. valuation reports attached to the subpoena are J.D. Power's business records. (Doc. No. 157-1, p. 5).

Plaintiff argues that the subpoena is an attempt to obtain evidence about vehicles in other proceedings, in different states, in which discovery has already been closed or stayed by the presiding court. He provides specific examples to establish this fact. (See page 2 of Plaintiff's

brief, Doc. No. 156). Besides being an improper attempt at an end run around other district court's orders, Plaintiff argues the information sought is not relevant to the case at hand. In fact, when Plaintiff submitted an interrogatory requesting that Progressive "identify all third parties, vendors, and or automobile valuation software, other than Mitchell" used by Progressive to value total loss automobile claims in Arkansas, Progressive objected on the basis that "any third party, vendor, or valuation software other than Mitchell is not relevant here" because only Mitchell WorkCenter Total Loss valuation reports are involved in this lawsuit. (Doc. No. 157-10, p. 4). Plaintiff also argues that Progressive has failed to identify any fact witness to testify about N.A.D.A. reports. In its initial disclosures, Progressive identified that a representative of J.D. Power may be used for "information regarding the platform that Mitchell licenses to Progressive to assist it in adjusting total loss claims." (Doc. No. 157-9, p. 3). Finally, Progressive challenges the timeliness of the subpoena and its notice to Plaintiff. Plaintiff points out that he has already filed a motion to exclude the N.A.D.A opinions of Walker, Progressive's expert, and a motion in limine to exclude the Guidebooks. (Doc. Nos. 78 and 144) These motions were fully briefed without Progressive indicating that it needed this newly sought information.

Progressive responded challenging that Plaintiff has sought relief in the correct court and that he has standing to challenge the subpoenas pursuant to Rule 45. The Court finds no merit in these arguments. Pursuant to Rule 26 "[a] party or any person from whom discovery is sought" can seek protective order "in the court where the action is pending." Fed. R. Civ. P. 26(c)(1). Upon a showing of "good cause," the court can issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *Id.* Plaintiff has not sought to quash the subpoena pursuant to Rule 45 as argued by Progressive, and a motion pursuant to Rule 26 is appropriate for the relief he seeks. *See Mallak v. Aitkin Cnty., No. 13-CV-2119*

*(DWF/LIB), 2016 WL 9088760 (D. Minn. Dec. 22, 2016).*

The question is whether Plaintiff has shown good cause. The rule is clear, "[b]road discovery" is the norm." *Stecklein & Rapp Chartered v. Experian Info. Sols., Inc.*, 113 F.4th 858, 861 (8th Cir. 2024) (citation omitted). Yet while "the standard for discovery is broader than for admissibility at trial, the requested information still must clear a 'threshold ... of relevance.'" *Id.* (quoting *Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir. 1992)).

In response to the relevance challenge raised by Plaintiff to the specific information sought for vehicles and regions outside that of the noticed class, Progressive essentially admits the information it seeks is not for purposes of presenting its defense in the matter before this Court. Progressive states in its brief: "As has been done by counsel on both sides in these cases, Defendant seeks to minimize costs and the burden on nonparties by taking depositions for multiple cases at once." (Doc. No. 160, p. 5). Progressive also admits that the subpoenaed deposition is "clearly intended to address issues that Plaintiff has raised" in its motions to exclude.  As Plaintiff pointed out, those motions were fully briefed well in advance of the February 27, 2025 hearing without any indication that Progressive needed more information to respond.

The Court finds that Plaintiff has shown good cause for the issuance of a protective order. As outlined in Plaintiff's reply brief, the discovery deadline has been pushed out several times in this case. On November 9, 2023, discovery deadline was moved by agreement of the parties to February 29, 2024. (Doc. No. 34). Progressive never sought the challenged discovery. When the trial date was reset, the Court's scheduling order reset the discovery deadline as a matter of course, though an extension was not sought by either party. While the zoom deposition Progressive is seeking would not generally be considered "annoyance, embarrassment,

oppression, or undue burden or expense," given the fact that in addition to attending the remote deposition, Defendant's indicate that they need this discovery to respond to motions for which the briefing is closed. If the Court allowed further briefing, that certainly would be an undue burden on Plaintiff this close to the May trial date. In addition, Progressive has had ample opportunity to obtain the information it is now seeking, and the Court will limit the discovery on this basis as well. Fed. R. Civ. P. 26(b)(2)(C)(ii).

Finally, the Court's scheduling order provides that the parties may conduct discovery beyond the discovery deadline "if all parties are in agreement to do so; but the Court will not resolve any disputes in the course of this extended discovery." (Doc. No. 34, ¶ 2). While the parties agreed to delay the deposition (which was set on the final day of the discovery window) pending the Court's ruling, neither side asked the Court to extend its discovery deadline.

For the reasons stated above, Plaintiff's motion for a protective order (Doc. No. 156) is GRANTED.

IT IS SO ORDERED this 14th day of March, 2025.

_____
United States District Judge