IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

ERIK KNIGHT, individually and on behalf
of others similarly situated,                                                    PLAINTIFF

vs.                              Case No. 3:22-CV-203-JM

PROGRESSIVE NORTHWESTERN
INSURANCE COMPANY                                                                DEFENDANT

ORDER

This case is currently scheduled for a jury trial in Jonesboro, the Northern Division of the Eastern District of Arkansas, beginning on May 19, 2025. (Doc. No. 124). Pursuant to 28 U.S.C. § 1404(a), after giving the parties an opportunity to weigh in, the Court is going to hold the trial in Little Rock, the Central Division, instead.[1]

"For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).[2] The "convenience" factors include: "(1) convenience of the parties; (2) convenience of the witnesses-including the willingness of witnesses to appear, the ability to subpoena witnesses, and the adequacy of deposition testimony, (3) the accessibility to records and documents; (4) the location where the conduct complained of occurred, and (5) the applicability of each forum state's substantive law." *Terra Intern., Inc. v. Mississippi Chemical Corp.*, 119 F.3d 688, 696 (8th Cir. 1997) (citations omitted), cert. denied, 522 U.S. 1029 (1997).

---

[1] This decision is made without motion by either party. *See Union Elec. Co. v. Energy Ins. Mut. Ltd.*, 689 F.3d 968, 972 (8th Cir. 2012) ("There is authority supporting the district court's ability to sua sponte transfer a case under § 1404(a)."); and *I-T-E Cir. Breaker Co. v. Becker*, 343 F.2d 361, 363 (8th Cir. 1965).

[2] The Court is not actually transferring the case to a different division, just a changing the location of the trial to a different division. The case number will remain the same.

The convenience of the parties and of the witnesses weigh heavily in favor of moving the trial from Jonesboro to Little Rock. While Plaintiff Erik Knight, a resident of Paragould, Arkansas, filed his class action complaint in the Northen Division, Plaintiff has communicated to the Court that he has no objection to the trial being held in the Little Rock. Other than Knight, no other witnesses are from the Northern Division. Expert witnesses for both sides will be traveling from out of state. The numerous lawyers on both sides are either from Little Rock or out of state (WV, NJ, TX, GA, FL, and Washington, DC). Little Rock is home to a national airport whereas Jonesboro only has a small municipal airport, with the nearest major airport being about an hour away in Memphis. The class notice has not been sent yet, so the trial can be set in Little Rock without causing confusion on the part of any class member who wishes to attend the trial. There is no issue of competing forum laws to consider.

A consideration of the interest of justice also supports holding the trial in Little Rock. While not many of the factors approved for consideration by the Eighth Circuit[3] apply in a decision to transfer from one division to another in within the Eastern District of Arkansas, none of them weigh against such a move. The costs to the parties of litigating in Little Rock should be less than in Jonesboro given the required travel for witnesses and counsel. The hearing on class certification and a Daubert hearing were held in Little Rock, without objection. While Progressive indicated a preference for the trial to be in Jonesboro since that is where Knight lives and where he filed the complaint, it did not communicate any disadvantages to holding the trial in Little Rock.

---

[3] The Eighth Circuit has cited "(1) judicial economy, (2) the plaintiff's choice of forum, (3) the comparative costs to the parties of litigating in each forum, (4) each party's ability to enforce a judgment, (5) obstacles to a fair trial, (6) conflict of law issues, and (7) the advantages of having a local court determine questions of local law" as factors to consider. *Terra Int'l, Inc. v. Mississippi Chem. Corp.*, 119 F.3d 688, 696 (8th Cir. 1997)

Finally, there is the matter of courtroom availability. There is only one courtroom in the Northern Division that is shared by all the judges in the Eastern District of Arkansas, and other proceedings are currently scheduled there for the same week this case is set to begin.

For these reasons, the Final Scheduling Order (Doc. No. 124) is modified to reflect that the jury trial before United States District Judge James M. Moody Jr. will commence at 9:15 a.m. on May 19, 2025, in the Richard Sheppard Arnold United States Courthouse, Courtroom #4A, 500 West Capitol, Little Rock, Arkansas 72201. The class notice is to be modified accordingly.

IT IS SO ORDERED this 18th day of March, 2025.

_____
United States District Judge