**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**
**NORTHERN DIVISION**

ERIK KNIGHT, individually and on behalf of all
others similarly situated,

    *Plaintiffs*,

vs.

PROGRESSIVE NORTHWESTERN
INSURANCE COMPANY,

    *Defendant*.

**Case No. 3:22-cv-00203-JM**

_____

**DECLARATION OF CAMERON R. AZARI, ESQ. ON**
**IMPLEMENTATION AND ADEQUACY OF CLASS CERTIFICATION**
**NOTICE PLAN AND PROPOSED SETTLEMENT NOTICE PLAN**

I, Cameron R. Azari, Esq., declare as follows:

1.      My name is Cameron R. Azari, Esq.  I have personal knowledge of the matters set forth herein, and I believe them to be true and correct.

2.      I am a nationally recognized expert in the field of legal notice, and I have served as an expert in hundreds of federal and state cases involving class action notice plans.

3.      I am a Senior Vice President of Epiq Class Action & Claims Solutions, Inc. ("Epiq") and the Managing Director of Epiq Legal Noticing (aka Hilsoft Notifications), a business unit of Epiq that specializes in designing, developing, analyzing, and implementing large-scale, un-biased, legal notification plans.

4.      Epiq is an industry leader in class action administration, having implemented more than a thousand successful class action notice and settlement administration matters.  Epiq Legal

DECLARATION OF CAMERON R. AZARI, ESQ. ON IMPLEMENTATION AND
ADEQUACY OF CLASS CERTIFICATION NOTICE PLAN AND PROPOSED
SETTLEMENT NOTICE PLAN

Noticing has handled some of the most complex and significant notice programs in recent history, examples of which are discussed below.  With experience in more than 700 cases, including more than 75 multidistrict litigation settlements, Epiq Legal Noticing has prepared notices that have appeared in 53 languages and been distributed in almost every country, territory, and dependency in the world.  Courts have recognized and approved numerous notice plans developed by Epiq Legal Noticing, and those decisions have invariably withstood appellate review.

5.      The facts in this declaration are based on my personal knowledge, as well as information provided to me by my colleagues in the ordinary course of my business at Epiq and Epiq Legal Noticing (hereinafter "Epiq").

## OVERVIEW

6.      This declaration details the successful implementation of the Class Certification Notice Plan ("Class Certification Notice Plan") and notice (the "Class Certification Notice" or "Class Certification Notices") and also outlines the proposed Settlement Notice Plan ("Settlement Notice Plan") and Settlement notice (the "Settlement Notice" or "Settlement Notices") for *Knight v. Progressive Northwestern Ins. Co.*, Case No. 3:22-cv-00203 in the United States District Court for the Eastern District of Arkansas, Northern Division.  I previously executed my *Declaration of Cameron R. Azari, Esq. on Notice Plan* ("Class Certification Notice Plan Declaration") on January 13, 2025, which described the Class Certification Notice Plan, detailed Epiq's class action notice experience, and attached Epiq's *curriculum vitae*.  I also provided my educational and professional experience relating to class actions and my ability to render opinions on overall adequacy of notice programs.

## CLASS CERTIFICATION NOTICE PLAN

7.      As detailed in my Class Certification Notice Plan Declaration, I reviewed the Court's *Order* issued on December 9, 2024, which certified the following class:

2

DECLARATION OF CAMERON R. AZARI, ESQ. ON IMPLEMENTATION AND
ADEQUACY OF CLASS CERTIFICATION NOTICE PLAN AND PROPOSED
SETTLEMENT NOTICE PLAN

All persons who made a first-party claim on a policy of insurance issued by Progressive Northwestern Insurance Company to an Arkansas resident where the claim was submitted from August 4, 2017, through the date an order granting class certification is entered, and Progressive determined that the vehicle was a total loss and based its claim payment on an Instant Report from Mitchell where a Projected Sold Adjustment was applied to at least one comparable vehicle.

8.    Subsequently, the Court approved the Class Certification Notice Plan and appointed Epiq as the class administrator in its *Order* issued on February 25, 2025 ("Class Notice Order").  After the Class Notice Order was entered, Epiq implemented the Class Certification Notice Plan.  This declaration details the notice activities undertaken to date and explains how and why the Class Certification Notice Plan was comprehensive and well-suited to reach the members of the class.  This declaration also then describe the details for the proposed Settlement Notice Plan.

9.    Rule 23 of the Federal Rules of Civil Procedure directs that the best notice practicable under the circumstances must include "individual notice to all members who can be identified through reasonable effort."[1]    The Class Certification Notice Plan satisfied this requirement.

10.    The Class Certification Notice Plan was designed to reach the greatest practicable number of class members.  The Class Certification Notice Plan individual notice efforts via email and/or mail reached approximately 98% of the identified class members.  The reach was further enhanced by a case website. In my experience, the Notice Plan was consistent with other court-approved notice programs, was reasonable notice under the circumstances of this case, and satisfied the requirements of due process, including its "desire to actually inform" requirement.[2]

---

[1]  Fed. R. Civ. P. 23(c)(2)(B).
[2]  *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 315 (1950) ("But when notice is a person's due, process which is a mere gesture is not due process.  The means employed must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it.  The reasonableness and hence the constitutional validity of any chosen method may be defended on the ground that it is in itself reasonably certain to inform those affected . . .").

3

DECLARATION OF CAMERON R. AZARI, ESQ. ON IMPLEMENTATION AND ADEQUACY OF CLASS CERTIFICATION NOTICE PLAN AND PROPOSED SETTLEMENT NOTICE PLAN

### *Individual Notice*

11.     On February 17, 2025, Epiq received one data file with 15,268 class member records which included names, mailing addresses, and email addresses.  Epiq deduplicated and rolled-up the records and loaded the unique, identified class member records into its database for this case.  These efforts resulted in 14,144 unique, class member records (of these records, four did not contain a valid email address or mailing address and were not sent a Class Certification Notice).  An Email Notice was sent to identified class members for whom a valid email address was available, and a Postcard Notice was sent via United States Postal Service ("USPS") first class mail to identified class members with an associated mailing address for whom a valid email address was not available or the Email Notice was undeliverable after several attempts.  The Email Notice and Postcard Notice clearly described the case and the legal rights of the class members.  The Notices also directed the recipients to a dedicated case website where they could access additional information.

### *Individual Notice – Email Notice*

12.     On March 28, 2025, Epiq commenced sending 12,548 Email Notices to identified class members for whom a valid email address was available (some class members had multiple email addresses and an Email Notice was sent to each unique email address).  The following industry standard best practices were followed.  The Email Notice was created using an embedded html text format.  This format provided an easy-to-read text without graphics, tables, images, and other elements that in our experience would have increased the likelihood that the message would have been blocked by Internet Service Providers (ISPs) and/or SPAM filters for this type of email communication.  Each Email Notice was transmitted with a unique message identifier.  If the receiving email server cannot deliver the message, a "bounce code" was returned along with the unique message identifier.  For any Email Notice for which a bounce code was received indicating that the message was undeliverable, at least one additional attempt was made to deliver the Email Notice.

13.     The Email Notice included an embedded link to the case website.  By clicking the

DECLARATION OF CAMERON R. AZARI, ESQ. ON IMPLEMENTATION AND
ADEQUACY OF CLASS CERTIFICATION NOTICE PLAN AND PROPOSED
SETTLEMENT NOTICE PLAN

link, recipients were able to easily access the Long Form Notice, and other information about the case.  The Email Notice is included as **Attachment 1**.

### *Individual Notice – Direct Mail*

14.     On March 28, 2025, Epiq commenced sending 1,715 Postcard Notices to identified class members with an associated mailing address for whom a valid email address was not available.  Subsequently, on April 16, 2025, Epiq commenced sending 1,179 Postcard Notices to identified class members whose Email Notice was undeliverable after several attempts.  The Postcard Notices were sent via USPS first class mail.  Prior to mailing, all mailing addresses were checked against the National Change of Address ("NCOA") database maintained by the USPS.[3]  In addition, the addresses were certified via the Coding Accuracy Support System ("CASS") to ensure the quality of the zip code, and verified through Delivery Point Validation ("DPV") to verify the accuracy of the addresses.  This address updating process is standard for the industry and for the majority of promotional mailings that occur today.

15.     Postcard Notices returned as undeliverable were re-mailed to any new address available through USPS information, for example, to the address provided by the USPS on returned pieces for which the automatic forwarding order has expired, or to better addresses that may be found using a third-party lookup service.  This process is also commonly referred to as "skip-tracing."  Upon successfully locating better addresses, Postcard Notices were promptly re-mailed.  As of May 6, 2025, Epiq has remailed 102 Postcard Notices.  The Postcard Notice is included as **Attachment 2**.

### *Notice Results – Class Certification Notice Plan*

16.     As of May 6, 2025, an Email Notice and/or Postcard Notice was delivered to 13,868

---

[3] The NCOA database contains records of all permanent change of address submissions received by the USPS for the last four years.  The USPS makes this data available to mailing firms and lists submitted to it are automatically updated with any reported move based on a comparison with the person's name and known address.

DECLARATION OF CAMERON R. AZARI, ESQ. ON IMPLEMENTATION AND
ADEQUACY OF CLASS CERTIFICATION NOTICE PLAN AND PROPOSED
SETTLEMENT NOTICE PLAN

of the 14,144 unique, identified class members. This means the Class Certification individual notice efforts reached approximately 98% of the identified class members.

### *Case Website, Toll-free Telephone Number, and Postal Mailing Address*

17.    On March 27, 2025, Epiq established a case website with an easy-to-remember domain name (www.ARKTotalLossClaim.com). The case website allows class members to obtain detailed information about the case and review key documents, including the Complaint, the Long Form Notice, the Class Certification Order, a link for an opt-out form, and answers to frequently asked questions ("FAQs"). The case website address was displayed prominently on all Class Certification Notice documents. As of May 6, 2025, there have been 260 unique visitor sessions to the case website, and 360 web pages have been presented. The Long Form Notice is included as **Attachment 3**.

18.    On March 27, 2025, Epiq established a toll-free telephone number (1-888-890-3703) to allow class members to call for additional information and listen to answers to FAQs. The toll-free telephone number was prominently displayed in the Class Certification Notice documents. The automated telephone system continues to be available 24 hours per day, 7 days per week. As of May 6, 2025, the toll-free telephone number has handled 145 calls to the toll-free telephone number representing 370 minutes of use.

19.    A post office box for correspondence about the case was established and continues to be available, allowing class members to contact the class administrator by mail with any specific requests or questions.

### *Requests for Exclusion*

20.    The deadline to request exclusion (opt-out) from the Class Certification phase is May 12, 2025. As of May 6, 2025, Epiq has received no requests for exclusion. If any timely requests for exclusion are received, Epiq will provide the Court with an exclusion report via a supplemental declaration.

DECLARATION OF CAMERON R. AZARI, ESQ. ON IMPLEMENTATION AND
ADEQUACY OF CLASS CERTIFICATION NOTICE PLAN AND PROPOSED
SETTLEMENT NOTICE PLAN

**CLASS SETTLEMENT NOTICE PLAN**

21.    It is my understanding from counsel for the parties that Epiq will be provided updated data for identified Settlement Class Members for the Settlement Notice efforts, which will include the names, email addresses, and physical addresses of the identified Settlement Class Members.  The Settlement Notice Plan will provide  more robust notice than the Class Certification Notice Plan and will implement a process for Settlement Class Members to submit Claim Forms in both paper and electronic formats.

22.    Pursuant to the Settlement Notice Plan, a Mail Notice with detachable pre-filled Claim Form and pre-paid postage ("Postcard Notice") will be sent by first-class USPS mail to the last known address of identified Settlement Class Members.  The detachable Claim Form will only require that the Settlement Class Member attest that the information is correct (or updating their information if not) and sign the detachable Claim Form.  An Email Notice will be sent to identified Settlement Class Members for whom a valid email address is available in Defendants' records. Settlement Class Members with both an associated physical address and a valid email address will be sent both the Postcard Notice and Email Notice.

23.    Prior to mailing the Postcard Notices, all mailing addresses will be checked against the National Change of Address ("NCOA") database maintained by the USPS.[4]  In addition, the addresses will be certified via the Coding Accuracy Support System ("CASS") to ensure the quality of the zip code, and verified through Delivery Point Validation ("DPV") to verify the accuracy of the addresses.  This address updating process is standard for the industry and for the majority of promotional mailings that occur today.

24.    Postcard Notices returned as undeliverable will be re-mailed to any new address

---

[4] The NCOA database contains records of all permanent change of address submissions received by the USPS for the last four years.  The USPS makes this data available to mailing firms and lists submitted to it are automatically updated with any reported move based on a comparison with the person's name and known address.

DECLARATION OF CAMERON R. AZARI, ESQ. ON IMPLEMENTATION AND
ADEQUACY OF CLASS CERTIFICATION NOTICE PLAN AND PROPOSED
SETTLEMENT NOTICE PLAN

available through USPS information, for example, to the address provided by the USPS on returned pieces for which the automatic forwarding order has expired, or to better addresses that may be found using a third-party lookup service. This process is also commonly referred to as "skip-tracing." Upon successfully locating better addresses, Postcard Notices will be promptly re-mailed.

25.    The following industry standard best practices will be followed for the Email Notice. The Email Notice is created using an embedded html text format. This format provides an easy-to-read text without graphics, tables, images, and other elements that in our experience will increase the likelihood that the message will be blocked by Internet Service Providers (ISPs) and/or SPAM filters for this type of email communication. Each Email Notice will be transmitted with a unique message identifier. If the receiving email server cannot deliver the message, a "bounce code" will be returned along with the unique message identifier. For any Email Notice for which a bounce code is received indicating that the message was undeliverable, at least one additional attempt will be made to deliver the Email Notice. The Email Notice will include a link to a pre-filled online Claim Form. The online Claim Form will require only that the Settlement Class Member confirm they are the policyholder or otherwise entitled to payment.

26.    The existing website (www.ARKTotalLossClaim.com) that was established for the class certification notice efforts will be updated with additional information regarding the Settlement. Settlement Class Members will also be able to file a Claim Form on the case website. The case website address will be prominently displayed in all Settlement Notice documents.

27.    The existing toll-free telephone number (1-888-890-3703) that was established for the class certification notice efforts will be updated with additional information regarding the Settlement.

28.    The existing post office box that was established for the class certification notice efforts will continue to be available for the Settlement.

DECLARATION OF CAMERON R. AZARI, ESQ. ON IMPLEMENTATION AND
ADEQUACY OF CLASS CERTIFICATION NOTICE PLAN AND PROPOSED
SETTLEMENT NOTICE PLAN

*Claim Submission & Distribution Options*

29.    The Settlement Notices will provide a detailed summary of relevant information about the Settlement, including the case website address and how Settlement Class Members can file a Claim Form online or by mail.  With any method of filing a Claim Form, Settlement Class Members will be given the option of receiving a digital payment or a traditional paper check.

*Reminder Notice*

30.    Epiq will send an Email Reminder Notice to all identified Settlement Class Members who have a valid email address that was not previously returned as undeliverable and who have not submitted a Claim Form or requested exclusion from the Settlement.  Epiq will also send a Postcard Reminder Notice to all identified Settlement Class Members who were previously sent a Postcard Notice that was not returned as undeliverable and who have not submitted a Claim Form or requested exclusion from the Settlement.

## CONCLUSION

31.    In class action notice planning, execution, and analysis, we are guided by due process considerations under the United States Constitution, by federal and local rules and statutes, and further by case law pertaining to notice.  This framework directs that the notice plan be designed to reach the greatest practicable number of class members and, that the notice or notice plan itself does not limit knowledge of the availability of benefits—nor the ability to exercise other options—to members of the class in any way.  All of these requirements were met in the Class Certification Notice Plan, and will be met in the Settlement Notice Plan.

32.    Both Notice Plans include individual notice via email and/or mail to class members who can be identified with reasonable effort.  With the address updating protocols that were employed, the Class Certification Notice Plan individual notice efforts reached approximately 98% of the identified class members.  The case website also expanded the reach of the notice further. We expect the Settlement Notice Plan will also reach approximately 98% of the identified class

DECLARATION OF CAMERON R. AZARI, ESQ. ON IMPLEMENTATION AND
ADEQUACY OF CLASS CERTIFICATION NOTICE PLAN AND PROPOSED
SETTLEMENT NOTICE PLAN

members, and the overall high reach of the Class Certification Notice Plan demonstrates the Settlement Notice Plan is reasonable and will be effective. In 2010, the Federal Judicial Center ("FJC") issued a *Judges' Class Action Notice and Claims Process Checklist and Plain Language Guide* which is relied upon for federal cases. This Guide states that, "the lynchpin in an objective determination of the adequacy of a proposed notice effort is whether all the notice efforts together will reach a high percentage of the class. It is reasonable to reach between 70–95%."[5] Here, we have developed and implemented a Class Certification Notice Plan that readily achieved a reach at the high end of that standard, and developed a Settlement Notice Plan that will also readily achieve a reach at the high end of that standard.

33.    The Notice Plans provide the best notice practicable under the circumstances of this case, conform to all aspects of Rule 23 regarding notice, and comport with the guidance for effective notice set out in the Manual for Complex Litigation, Fourth.

34.    The Class Certification Notice Plan schedule afforded sufficient time to provide full and proper notice to class members before the opt-out deadline.

35.    The Settlement Notice Plan schedule will also afford sufficient time to provide full and proper notice to Settlement Class Members before the opt-out and objection deadlines.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct. Executed on May 8, 2025, at Beaverton, Oregon.

Cameron R. Azari

---

[5] FED. JUDICIAL CTR, JUDGES' CLASS ACTION NOTICE AND CLAIMS PROCESS CHECKLIST AND PLAIN LANGUAGE GUIDE 3 (2010), available at https://www.fjc.gov/content/judges-class-action-notice-and-claims-process-checklist-and-plain-language-guide-0.

DECLARATION OF CAMERON R. AZARI, ESQ. ON IMPLEMENTATION AND
ADEQUACY OF CLASS CERTIFICATION NOTICE PLAN AND PROPOSED
SETTLEMENT NOTICE PLAN

Attachment 1

---

**NOTICE OF PENDENCY OF CLASS ACTION**

---

**From** Knight v Progressive Northwestern Class Action Settlement Administrator <ARKtotallossclaim@e.epiqnotice.com>

**To** ████████████████████████

**NOTICE OF PENDENCY OF CLASS ACTION: You have received this notice because you made a claim on a vehicle that was adjusted to be a total loss by Progressive, and Progressive may have undervalued your claim. Your rights may be affected by a class action lawsuit pending in the Eastern District of Arkansas.**

*A court authorized this notice. This is not a solicitation from a lawyer. You are not being sued.*

**This notice explains important rights you may have. Please read it carefully.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS LAWSUIT | |
|---|---|
| **Remain a Potential Member of the Certified Class** | **Do nothing. Stay in the lawsuit. Await the outcome.**<br><br>If you wish to remain a potential member of the certified Class, you are not required to do anything at this time. By doing nothing, you are choosing to stay in the Class. You may be permitted to share in any recovery that may result from this class action, but you will give up your rights to sue Defendant in a separate lawsuit for any claims made in this action. |
| **Ask to be Excluded from the Certified Class** | **Get out of this lawsuit. Keep your rights to sue Defendant in a separate lawsuit.**<br><br>If you do not wish to participate in the class action, you **must** send a letter requesting to be excluded postmarked no later than **May 12, 2025**. If you exclude yourself from this lawsuit, you will not be entitled to any recovery that may result from this class action, but you will be free to pursue any claim you may have against Defendant on your own or as part of a different lawsuit (but you should consult with a lawyer to determine whether those claims are timely). |

These rights and options are further explained below.

**What is a class action and who is involved?** In a class action, one or more people called "Class Representatives" file a lawsuit on behalf of other people who have similar claims. This avoids the necessity for a large number of people to file similar individual lawsuits and enables the court system to resolve similar claims in an efficient and economical way.

**What is this Class Action about?** This class action (the "Class Action") alleges that Progressive Northwestern Insurance Company ("Progressive" or "Defendant") systematically paid its insureds <u>less</u> than the actual cash value of their vehicles for total loss claims, in breach of Progressive's policies and in breach of the covenant of good faith and fair dealing. Plaintiff asserts that Progressive did this by basing the compensation for insureds' total loss claims on valuation reports that applied Projected Sold Adjustments, which Plaintiff alleges are improper.

**Why did I get this notice?** Progressive's records show that during the time period of August 4, 2017, to December 9, 2024, you were an Arkansas resident and policyholder with Progressive, and you made a claim on a vehicle that was determined by Progressive to be a total loss. You may be a member of the certified Class if (a) Progressive based its claim payment on an Instant Report from Mitchell International, Inc. and (b) a Projected Sold Adjustment was applied to at least one comparable vehicle in that Instant Report.

**What has happened in the Class Action so far?** On August 4, 2022, Plaintiff Erik Knight filed his Class Action complaint against Progressive in the United States District Court for the Eastern District of Arkansas, Northern Division. On January 25, 2024, Plaintiff filed a motion for class

certification. After briefing on Plaintiff's motion for class certification, the Court granted the motion on December 9, 2024.

**Who is included in the certified Class?** The Court's December 9, 2024 order certified the following Class: All persons who made a first-party claim on a policy of insurance issued by Progressive Northwestern Insurance Company to an Arkansas resident where the claim was submitted from **August 4, 2017, through December 9, 2024**, and Progressive determined that the vehicle was a total loss and based its claim payment on an Instant Report from Mitchell where a Projected Sold Adjustment was applied to at least one comparable vehicle. The Court also appointed Plaintiff Erik Knight as the Class Representative for the Class. The Court's order can be viewed at www.ARKTotalLossClaim.com.

**What type of recovery is the Class Representative seeking?** The Class Representative seeks to recover money to compensate members of the Class for the alleged underpayment of their total loss claims, as well as pre- and post-judgment interest. The Class Representative is only challenging application of the "projected sold adjustment" as part of the valuation process. The Class Representative is not contesting or challenging any other aspect of the valuation process. If you wish to challenge an aspect of the valuation process other than application of a "projected sold adjustment," you should opt out of the Class and separately file your own claim.

**Is there any money available now?** No money or benefits are available now because the Court has not yet decided whether Defendant did anything wrong, and the two sides have not settled the case. There is no guarantee that any money or benefits will be obtained. If they are, you will receive a notice describing how to receive a share of any recovery in which you may be eligible to participate.

**What are my options as a potential member of the certified Class?** If you are a member of the certified Class, you have a choice to (a) remain a member of the Class, or (b) request exclusion from the Class.

    a. **If you wish to remain a member of the certified Class, you are not required to do anything at this time.** By remaining a Class member, you are agreeing that the claims against Progressive will be determined on a class wide basis. As a member of the Class, you will be bound by the outcome of this lawsuit. If the lawsuit results in a judgment favorable to the Class, you would be entitled to share in the benefits of that judgment. If the outcome is favorable to Progressive, your rights will be determined by the decision rendered in this lawsuit, and you will receive nothing.

    b. **If you do not wish to participate in this Class Action, you can request exclusion from the Class.** If you choose to be excluded, you will (1) not share in the benefits, if any, that members of the Class may be entitled to as a result of this lawsuit; and (2) not be bound by any decision in this lawsuit favorable to Progressive. If you request exclusion, you will have the right to pursue individually, at your own expense, any claim you may have against Progressive. To request exclusion, you <u>must</u> send a written and signed notification entitled "Request for Exclusion" to the following: Knight v. Progressive Notice Administrator, P.O. Box 2168, Portland, OR 97208-2168. To be valid, your "Request for Exclusion" must be postmarked by **May 12, 2025** and must include the case name (*Knight v. Progressive Northwestern Ins. Co.*), the date, your printed name, your current address, and your signature. If your Request for Exclusion is not postmarked by **May 12, 2025** it will be invalid, and you will be included as a member of the Class automatically and bound by any final judgment.

**Do Class members have a lawyer representing their interests in the lawsuit?** Yes. The Court appointed the law firms of Carney Bates & Pulliam PLLC ("Carney Bates"), Shamis & Gentile, P.A., Normand PLLC, Edelsberg Law, P.A., and Jacobson Phillips PLLC, collectively referred to as Class Counsel, to represent members of the certified Class.

**Should I get my own lawyer?** You do not need to hire your own lawyer. However, you are free to hire your own lawyer, at your own expense, and enter an appearance in this action through your lawyer if you so desire.

**How do I get more information?** This notice contains only a summary of the Class Action and proceedings to date. Complete copies of public pleadings, Court rulings and other filings are available for review and copying at the office of the Clerk of the Court for the United States District Court for the Eastern District of Arkansas, 600 West Capitol Avenue, Rm A149, Little Rock, AR 72201, between 8:00 a.m. and 4:30 p.m., Monday through Friday, excluding Court holidays. For more information, go to the website maintained for this Class Action, www.ARKTotalLossClaim.com, call the settlement administrator at 1-888-890-3703, or contact Class Counsel, Carney Bates, at One Allied Drive, Suite 1400, Little Rock, AR 72202, or by visiting www.cbplaw.com.

**PLEASE DO NOT CONTACT THE COURT, THE CLERK'S OFFICE, DEFENDANT, OR DEFENDANT'S COUNSEL TO ASK QUESTIONS ABOUT THIS CLASS ACTION OR THIS NOTICE. THEY CANNOT ANSWER ANY QUESTIONS OR DISCUSS THE CLASS ACTION.**

If you would rather not be contacted if you need to change your subscription notice for Knight v Progressive Northwestern, please use this preferences page.

AL127 v.01

Attachment 2

Class Action Administrator
P.O. Box 2168
Portland, OR 97208-2168

FIRST-CLASS MAIL
PRESORTED
U.S. POSTAGE PAID
PORTLAND, OR
PERMIT NO. 2882

**COURT-ORDERED CLASS ACTION NOTICE**

*Knight v. Progressive Northwestern Ins. Co.,*
Case No. 3:22 cv 00203 JM, U.S. District Court, Eastern District of Arkansas

Opt-Out Deadline: **MAY 12, 2025**

ARKTotalLossClaim.com
1-888-890-3703



1
1

**Why did I get this Notice?** This Notice is to inform you of the pendency of the Class Action and to advise you of your rights as a potential Class Member. The Court's order, including the full definition of the certified Class, can be viewed at ARKTotalLossClaim.com.

**What is the Class Action about?** This Class Action alleges that Progressive Northwestern Insurance Company ("Progressive") systematically paid its insureds <u>less</u> than the actual cash value of their vehicles for total loss claims, in breach of Progressive's policies and in breach of the covenant of good faith and fair dealing. The Class Representative is only challenging application of the "projected sold adjustment" as part of the valuation process.

**What are my options?** Progressive's records indicate you may be a Class Member. If you are a member of the Class, you have two choices: (1) **If you wish to remain a member of the Class, you are not required to do anything at this time**. By remaining a Class Member, you will be bound by the outcome of this lawsuit whether the judgment is favorable to the Class or to Progressive, and you won't be able to sue Progressive for the claims at issue in this case. (2) **If you do not wish to participate in this class action, you can request exclusion from the Class**. If you choose to be excluded, you will not get any money or benefits from this lawsuit, but you will not be bound by any orders or judgments in this case. If you request exclusion, you will have the right to pursue individually, at your own expense, any claim you may have against Progressive. To be valid, your request for exclusion must be postmarked by **<u>MAY 12, 2025</u>.**

**Who represents me?** The Court has appointed lawyers from Carney Bates & Pulliam, PLLC; Shamis & Gentile, P.A.; Normand PLLC; Jacobson Phillips PLLC; and Edelsberg Law, P.A. to serve as Class Counsel. You do not have to pay Class Counsel to participate. Instead, if they recover money for the Class, the lawyers may seek the Court for an award of fees or expenses. You may hire your own lawyer, at your own expense, to appear in Court for you, but you do not have to.

**How do I get more information?** For more information, go to the website maintained for this Class Action, ARKTotalLossClaim.com, or you may contact the Administrator at 1-888-890-3703 or Class Counsel, Carney Bates & Pulliam, PLLC, at One Allied Drive, Suite 1400, Little Rock, Arkansas 72202, or CBPLaw.com.

AL1232 v.01

Attachment 3

## NOTICE OF PENDENCY OF CLASS ACTION

**If you made a claim on a vehicle that was adjusted to be a total loss by Progressive, Progressive may have applied deductions referred to as Projected Sold Adjustments to your total loss claim, and your rights may be affected by a class action lawsuit pending in the Eastern District of Arkansas.**

*A court authorized this notice. This is not a solicitation from a lawyer. You are not being sued.*

**This notice explains important rights you may have. Please read it carefully.**

- On December 9, 2024, a lawsuit styled *Knight. v. Progressive Northwestern Ins. Co.*, Case No. 3:22-cv-00203-JM (the "Class Action"), which is pending in the Eastern District of Arkansas, Northern Division (the "Court"), was certified as a class action.

- This notice explains what the class action is about, the Class that was certified, and Class members' legal rights and options.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS LAWSUIT | |
|---|---|
| **Remain a Potential Member of the Certified Class** | **Do nothing. Stay in the lawsuit. Await the outcome.**<br><br>If you wish to remain a potential member of the certified Class, you are not required to do anything at this time. By doing nothing, you are choosing to stay in the Class. You may be permitted to share in any recovery that may result from this class action, but you will give up your rights to sue Defendant in a separate lawsuit for any claims made in this action. |
| **Ask to be Excluded from the Certified Class** | **Get out of this lawsuit. Keep your rights to sue Defendant in a separate lawsuit.**<br><br>If you do not wish to participate in the class action, you **must** send a letter requesting to be excluded postmarked no later than **May 12, 2025**. If you exclude yourself from this lawsuit, you will not be entitled to any recovery that may result from this class action, but you will be free to pursue any claim you may have against Defendant on your own or as part of a different lawsuit (but you should consult with a lawyer to determine whether those claims are timely). |

- If you do nothing and if money or benefits are obtained from Progressive, you will receive a notice describing how to receive a share of any recovery in which you may be eligible to participate. However, there is no guarantee that any money or benefits will be obtained.

- To be excluded, you must act before **May 12, 2025**.

- **Any questions? Read on ARKTotalLossClaim.com or call +1 888 890 3703.**

# BASIC INFORMATION

## 1.    What is a class action and who is involved?

In a class action, one or more people called "Class Representatives" file a lawsuit on behalf of other people who have similar claims. This avoids the necessity for a large number of people to file similar individual lawsuits and enables the court system to resolve similar claims in an efficient and economical way.

## 2.    What is this class action against Progressive about?

This class action alleges that Progressive Northwestern Insurance Company ("Progressive" or "Defendant") systematically paid its insureds <u>less</u> than the actual cash value of their vehicles for total loss claims, in breach of Progressive's policies and in breach of the covenant of good faith and fair dealing. Plaintiff asserts that Progressive did this by basing the compensation for insureds' total loss claims on valuation reports that applied Projected Sold Adjustments, which Plaintiff alleges are improper.

## 3.    Why is this notice being provided?

This notice is for individuals who, according to Progressive's records, during the time period of August 4, 2017, to December 9, 2024, were Arkansas residents and policyholders with Progressive and who made claims on vehicles that were determined by Progressive to be total losses. You may be a member of the certified Class if (a) Progressive based its claim payment on an Instant Report from Mitchell International, Inc. and (b) a Projected Sold Adjustment was applied to at least one comparable vehicle in that Instant Report.

This notice explains that the Court has allowed, or "certified," the lawsuit described above as a class action and describes Class members' legal rights and options in the lawsuit.

# THE CLAIMS IN THE LAWSUIT

## 4.    What has happened in the class action so far?

On August 4, 2022, Plaintiff Erik Knight filed his class action complaint against Progressive in the United States District Court for the Eastern District of Arkansas, Northern Division. On January 25, 2024, Plaintiff filed a motion for class certification. After briefing on Plaintiff's motion for class certification, the Court granted the motion on December 9, 2024.

## 5.    The Court's Class Certification Order.

The Court's December 9, 2024 order certified the following Class:

> All persons who made a first-party claim on a policy of insurance issued by Progressive Northwestern Insurance Company to an Arkansas resident where the claim was submitted from **August 4, 2017, through December 9, 2024,** and Progressive determined that the vehicle was a total loss and based its claim payment on an Instant Report from Mitchell where a Projected Sold Adjustment was applied to at least one comparable vehicle.

The Court also appointed Plaintiff Erik Knight as the Class Representative for the Class. The Court's order can be viewed at ARKTotalLossClaim.com.

## 6.    What type of recovery is the Class Representative seeking?

The Class Representative seeks to recover money to compensate members of the Class for the alleged underpayment of their total loss claims, as well as pre- and post-judgment interest. The Class Representative is only challenging application of the "projected sold adjustment" as part of the valuation process. The Class Representative is not contesting or challenging any other aspect of the valuation process. If you wish to challenge an aspect of the valuation process other than application of a "projected sold adjustment," you should opt out of the Class and separately file your own claim.

## 7.    Is there money available now?

No money or benefits are available now because the Court has not yet decided whether Defendant did anything wrong and the two sides have not settled the case. There is no guarantee that any money or benefits will be obtained. If they are, you will receive a notice describing how to receive a share of any recovery in which you may be eligible to participate.

# CLASS MEMBER RIGHTS AND OPTIONS

If you are a Member of one of the Certified Classes, you have to decide whether to remain a Class Member or request to be excluded by letter *postmarked* by **May 12, 2025**.

## 8.    What happens if I am a Class Member and I do nothing?

**If you wish to remain a member of the certified Class, you are not required to do anything at this time.** By remaining a class member, you are agreeing that the claims against Progressive will be determined on a class wide basis. As a member of the Class, you will be bound by the outcome of this lawsuit. If the lawsuit results in a judgment favorable to the Class, you would be entitled to share in the benefits of that judgment. If the outcome is favorable to Progressive, your rights will be determined by the decision rendered in this lawsuit, and you will receive nothing.

## 9.    If I am a Class Member, how do I ask the Court to exclude me?

**If you do not wish to participate in this class action, you can request exclusion from the Class**. If you choose to be excluded, you will (1) not share in the benefits, if any, that members of the Class may be entitled to as a result of this lawsuit; and (2) not be bound by any decision in this lawsuit favorable to Progressive. If you request exclusion, you will have the right to pursue individually, at your own expense, any claim you may have against Progressive. To request exclusion, you <u>must</u> send a written and signed letter requesting exclusion (your "Request for Exclusion") to the following:

Knight v. Progressive Northwestern Ins. Co.
Class Action Administrator
P.O. Box 2168
Portland, OR 97208-2168

To be valid, your "Request for Exclusion" must be postmarked by **May 12, 2025**, and must include the case name *(Knight v. Progressive Northwestern Ins. Co.)* and date, and your printed name, current address, and signature. If your Request for Exclusion is not postmarked by **May 12, 2025**, it will be invalid and you will be included as a member of the Class automatically and be bound by any final judgment.

# THE LAWYERS REPRESENTING ME

## 10.    Do Class Members have a lawyer in this case?

Yes. The Court appointed the law firms of Carney Bates & Pulliam PLLC ("Carney Bates"); Shamis & Gentile, P.A.; Normand PLLC; Edelsberg Law, P.A.; and Jacobson Phillips PLLC collectively referred to as Class Counsel, to represent members of the certified Classes.

## 11.    If I am a Class Member, should I get my own lawyer?

You do not need to hire your own lawyer. However, you are free to hire your own lawyer, at your own expense, and enter an appearance in this action through your lawyer if you so desire.

## 12.    How will the lawyers get paid?

If Class Counsel get money or benefits for the Classes, they may ask the Court for fees and expenses. If the Court grants Class Counsel's request, Class Counsel's fees and expenses would either be deducted from any money obtained for the Class or paid separately by Progressive.

# OTHER PROCEEDINGS

## 13.   Have any other proceedings been scheduled?

A jury trial has been scheduled in the Eastern District of Arkansas. The jury trial before United States District Judge James M. Moody Jr. will commence at 9:15 a.m. on May 19, 2025, in the Richard Sheppard Arnold United States Courthouse, Courtroom #4A, 500 West Capitol, Little Rock, Arkansas 72201.

## 14.   Do Class Members have to attend any proceedings?

If there are any court hearings, Class Members do not need to attend them. The Class Representative and Class Counsel will present the case for the Classes. You or your own lawyer are welcome to come at your own expense.

## GETTING MORE INFORMATION

## 15.   Are more details available?

This notice contains only a summary of the class action and proceedings to date. Complete copies of public pleadings, Court rulings and other filings are available for review and copying at the office of the Clerk of the Court for the United States District Court for the Eastern District of Arkansas, 600 West Capitol Avenue, Rm A149, Little Rock, AR 72201 between 8:00 a.m. and 4:30 p.m., Monday through Friday, excluding Court holidays.

For more information, go to the website maintained for this class action, ARKTotalLossClaim.com, call the settlement administrator at +1-888-890-3703 or contact Class Counsel, Carney Bates, at One Allied Drive, Suite 1400. Little Rock, Arkansas 72202, or by visiting www.cbplaw.com.

**<u>PLEASE DO NOT CONTACT THE COURT, THE CLERK'S OFFICE, DEFENDANT, OR DEFENDANT'S COUNSEL TO ASK QUESTIONS ABOUT THIS CLASS ACTION OR THIS NOTICE. THEY CANNOT ANSWER ANY QUESTIONS OR DISCUSS THE CLASS ACTION.</u>**