IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

| | |
|---|---|
| ERIK KNIGHT and JUNG KIM, individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>        v.<br><br>PROGRESSIVE NORTHWESTERN INSURANCE COMPANY, PROGRESSIVE DIRECT INSURANCE COMPANY, PROGRESSIVE CASUALTY INSURANCE COMPANY, PROGRESSIVE SPECIALTY INSURANCE, and PROGRESSIVE CLASSIC INSURANCE COMPANY, Ohio corporations,<br><br>        Defendants. | Case No.: 3:22-cv-00203-JM |

**ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT
AND GRANTING MOTION FOR ATTORNEYS' FEES,
LITIGATION EXPENSES, AND SERVICE AWARDS**

This matter is before the Court on Plaintiffs' Motion for Final Approval of Class Action Settlement and Plaintiffs' Motion for Attorneys' Fees, Litigation Expenses, and Service Awards (collectively, "Plaintiffs' Motions"). Plaintiffs' Motions reference and incorporate a Settlement Agreement (the "Settlement" or "Settlement Agreement") that, together with the exhibits thereto, sets forth the terms and conditions for the settlement of claims, on a classwide basis, between Plaintiffs Erik Knight and Jung Kim ("Plaintiffs") individually and on behalf of the Settlement Classes and Defendants Progressive Northwestern Insurance Company, Progressive Direct Insurance Company, Progressive Casualty Insurance Company, Progressive Specialty Insurance

1

Company, and Progressive Classic Insurance Company (collectively, "Progressive" or "Defendant," and, along with Plaintiffs, the "Parties").

Having carefully considered Plaintiffs' Motions, the supporting memorandum of law and declarations, the Settlement Agreement together with all exhibits and attachments thereto, the record in this matter, and all of the files, records, and proceedings herein, including arguments set forth at the Final Approval Hearing on the Settlement, and finding good cause,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS**:

1. Unless otherwise defined herein, capitalized terms and phrases in this Order shall have the same meaning as ascribed to them in the Settlement.

2. The Court has jurisdiction over the subject matter of this action and personal jurisdiction over the Parties and the Settlement Class Members.

**CERTIFICATION OF THE SETTLEMENT CLASSES**

3. The Court previously certified the Settlement Classes in its Preliminary Approval Order.

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court confirms as final its certification of the Settlement Classes for settlement purposes based on its findings in the Preliminary Approval Order and in the absence of any objections from Class Members to such certification.

5. The Court confirms the appointments of Erik Knight and Jung Kim as Settlement Class Representatives for the Settlement Classes.

6. The Court confirms the appointments of Carney Bates & Pulliam, PLLC, Jacobson Phillips PLLC, Normand PLLC, Edelsberg Law, P.A., and Shamis & Gentile as Class Counsel.

## **FINAL APPROVAL OF THE SETTLEMENT AND NOTICE PROGRAM**

7. Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the Court hereby finally approves and confirms the Settlement embodied in the Settlement Agreement as fair, reasonable, and adequate and in the best interests of the Settlement Class Members. The Court has specifically considered all factors relevant to class settlement approval, including the factors set forth in Rule 23(e)(2) and *In re Wireless,* 396 F.3d 922 (8th Cir. 2005).

8. Having considered the terms of the Settlement and the record before it, the Court finds that the Class Representatives and Class Counsel have adequately represented the interests of Settlement Class Members; the settlement consideration provided under the Settlement constitutes fair value given in exchange for the release of the Released Claims against the Released Parties; the Settlement is the result of arm's-length negotiations by experienced, well-qualified counsel that included a day-long mediation conducted by a neutral mediator; and the Settlement is reasonable and appropriate under the circumstances of this Action, including the risks, complexity, expense and duration of the Action, as well as the reaction of the Settlement Classes. The Court further finds that these facts, in addition to the Court's observations throughout the litigation, demonstrate that there was no collusion present in the reaching of the Settlement Agreement, implicit or otherwise.

9. The Court finds that the notice program as set forth in the Settlement Agreement and effectuated pursuant to the Preliminary Approval Order satisfies the requirements of Federal Rule of Civil Procedure 23 and due process and constitutes the best notice practicable under the circumstances and shall constitute due and sufficient notice to the Settlement Classes of (a) the nature of the case; (b) the terms of the Settlement, including the definitions of the Settlement Classes; (c) the procedure for submitting a Claim Form or objecting to or opting out of the

Settlement; (d) that the Court will exclude from the Settlement Classes any Settlement Class Member who timely and validly requests exclusion; (e) the time and manner for requesting such exclusion; (f) contact information for Class Counsel, the Settlement Administrator, the Settlement Website, and a toll-free number to ask questions about the Settlement; (g) important dates in the settlement approval process, including the deadlines to request exclusion or object and the date of the Final Approval Hearing; (h) Class Counsel's request for an award of reasonable attorneys' fees, expenses, and service awards; and (i) the binding effect of a class judgment on Settlement Class Members.

10. The Court also finds that the Settlement Class Members' reaction to the Settlement was positive. Not one Settlement Class Member objected to the Settlement, and only two Class Member have opted out at this settlement stage. Two others opted out earlier in response to the notice of class certification.

11. The Court hereby reaffirms its appointment of the Settlement Administrator to perform the functions and duties of notice and settlement administration as set forth in the Settlement Agreement and to provide such other administration services as are reasonably necessary to facilitate the completion of the Settlement. Accordingly, Class Counsel and the Settlement Administrator are directed to administer the Settlement in accordance with its terms and provisions.

12. The four individuals identified in the Supplemental Declaration of Cameron Azari on Implementation and Adequacy of Settlement Notice Plan as having timely and validly requested exclusion from this Action and the Settlement Classes are, therefore, excluded. These individuals are not included in or bound by the Settlement or this Order. These individuals are not entitled to any recovery from the settlement proceeds obtained through the Settlement.

13. The Court hereby approves the Settlement in all respects and orders that the Settlement Agreement shall be consummated and implemented in accordance with its terms and conditions.

14. The Parties, without further approval from the Court, are hereby authorized to agree and adopt such amendments, modifications, and expansions of the Settlement Agreement and its implementing documents (including all exhibits to the Settlement Agreement) so long as they are consistent in all material respects with this Order and do not limit the rights of Settlement Class Members.

15. The Court shall retain exclusive, continuing, jurisdiction to resolve any disputes or challenges that may arise as to compliance with the Settlement Agreement, or any challenge to the performance, validity, interpretation, administration, enforcement, or enforceability of the Notice, this Order, or the Settlement Agreement.

16. In the event that this Order is reversed on appeal or otherwise does not become final, (i) this Order shall be rendered null and void and shall be vacated *nunc pro tunc*, (ii) as specified in the Settlement Agreement, the Settlement Agreement and other related orders shall be rendered null and void and shall be vacated *nunc pro tunc*, (iii) the Settlement Fund shall be refunded to the Defendant, less settlement administrative expenses actually incurred and paid, and (iv) the Action shall proceed as if no settlement had occurred and as otherwise provided for in the Settlement Agreement.

17. Neither the Settlement Agreement, the Settlement contained therein, the negotiation nor any proceeding or document executed pursuant to or in furtherance thereof, (i) is or shall be construed as, an admission of, or evidence of, the truth of any allegation or of any liability or the validity of any claim or defense, in whole or in part, on the part of any party in any respect, or (ii)

is or shall be admissible in any action or proceeding for any reason, other than an action or proceeding to enforce the terms of the Settlement or this Order.

### ATTORNEYS' FEES, LITIGATION EXPENSES, AND SERVICE AWARDS

18. Pursuant to Federal Rule of Civil Procedure 23(h), Plaintiffs' Motion for Attorneys' Fees in the amount of $3,963,531.00 is granted because the amount is fair and reasonable and consistent with fee awards in the Eighth Circuit and beyond.

19. The attorneys' fee requested is also supported by this Court's consideration of the factors set forth in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974) (the "*Johnson* factors"), including: the results obtained; the novelty and difficulty of the questions involved; the skill, experience, and expertise of the attorneys; the time and labor expended; the "customary fee"; awards in similar cases; and the contingent nature of the fee. *See In re Target Corp. Customer Data Security Breach Litig.*, 892 F.3d 968, 977 (8th Cir. 2018).

20. The Court approves costs of $112,000.00 incurred by Class Counsel in the prosecution and settlement of this Action. The costs sought are fair and reasonable under Rule 23 and applicable caselaw, and are less than Class Counsel's actual out-of-pocket expenses of $118,420.68.

21. The Court finds the service awards requested are reasonable and warranted, and approves service awards to each Plaintiff—in the amounts of $10,000.00 to Plaintiff Knight and $5,000 to Plaintiff Kim. *See Stuart v. State Farm Fire & Cas. Co.,* No. 4:14-CV-4001, 2020 WL 2892819, at *3 (W.D. Ark. June 2, 2020).

22. In sum, the attorneys' fees, litigation expenses, and service awards sought in Plaintiffs' Motion for Attorneys' Fees, Litigation Expenses, and Service Awards are approved and shall be paid in the manner specified in the Settlement Agreement.

## **DISMISSAL AND FINAL JUDGMENT**

23. The Action is hereby dismissed with prejudice, with each party to bear its own costs.

24. Upon the Effective Date and by operation of this Order and Final Judgment, the Settlement Class Members who did not timely exclude themselves from this Action or the Settlement Classes shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Parties, and each of them. Further, upon the Effective Date, and to the fullest extent permitted by law, each Settlement Class Member, shall, either directly, indirectly, representatively, or in any capacity, be permanently barred and enjoined from filing, commencing, prosecuting, continuing, pursuing, intervening in, or participating (as a class member or otherwise) in any lawsuit, action, or other proceeding in any jurisdiction (other than participation in the Settlement) against any Released Party based on the Released Claims.

25. Upon the Effective Date and by operation of this Order and Final Judgment, the Settlement Agreement will be binding on and will have *res judicata* and preclusive effect in all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiffs and the Releasing Parties.

26. This Court hereby directs entry of this Order and Final Judgment based upon the Court's finding that there is no just reason for delay of enforcement or appeal of this Final Judgment. The Clerk of the Court shall close the file in this matter.

**IT IS SO ORDERED** this 25th day of September, 2025.

_____
**JAMES M. MOODY JR.**
**UNITED STATES DISTRICT JUDGE**